**UNITED STATES of America, Appellee,**

v.

**Glynnwood BOWMAN, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Gilbert S. WASHINGTON, Appellant.**

**Nos. 89–2331WM, 89–2371WM.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1990.

Decided June 28, 1990.

Rehearing Denied in No. 89–2331WM
Aug. 28, 1990.

Fourth Amendment. "The [plain view] doctrine ... permits the warrantless seizure." *Coolidge,*

403 U.S. at 466, 91 S.Ct. at 2038.

Benjamin Wood, Overland Park, Kan., for appellant Bowman.

James R. Wyrsch, Charles E. Atwell and Madonna E. Reeves, Kansas City, Mo., for Washington.

Anita L. Mortimer, Kansas City, Mo., for U.S.

Before FAGG, WOLLMAN, Circuit Judges, and DUMBAULD,* Senior District Judge.

FAGG, Circuit Judge.

Glynnwood Bowman and Gilbert S. Washington appeal their convictions for conspiracy to possess with the intent to distribute cocaine. We affirm.

On the morning of January 20, 1989, an employee of Northwest Airlines at the Minneapolis–St. Paul International Airport opened an unclaimed suitcase seeking identification. Finding five identical bundles wrapped in towels and other clothing, the employee examined one bundle and found a white powdery substance wrapped in plastic and duct tape. He contacted a federal narcotics agent, who concluded the exposed bundle was a kilo brick of cocaine. The agent removed the towels from the remaining bundles, revealing four more kilos of cocaine.

The same morning, two men, identified at trial as Bowman and Washington, filed a lost luggage claim at Kansas City International Airport. Washington presented a ticket receipt in the name of Michael Winston and a claim check for the unclaimed suitcase. Law enforcement agents called a Los Angeles telephone number listed on the lost luggage claim and told the person who answered the telephone the suitcase would be on a flight arriving in Kansas City the next morning. The person answering the telephone stated he would relay the message to Mr. Winston. The agents later discovered the telephone number was listed in the name of Washington's brother.

Agents set up surveillance at the luggage claim area of the Kansas City airport. Shortly before the flight landed, Bowman and Washington arrived at the airport driving a Jeep. The two matched the descriptions of the pair who filed the lost luggage claim. Appearing nervous, Bowman went to the coffee shop and then returned to wait in the Jeep. Washington bought a newspaper and went to the baggage claim area where he remained until the flight arrived. When a Northwest employee removed the suitcase from the carousel, Washington immediately left to rejoin Bowman, and the two drove away.

Four law enforcement agents stopped the Jeep, and with weapons drawn, the agents ordered Bowman and Washington out of the Jeep. In response to a question from the agent in charge, Washington stated he and Bowman were at the airport to pick up a friend from Boston, but immediately acknowledged that Northwest Airlines does not fly from Boston to Kansas City. The agents found the ticket receipt and a copy of the lost luggage claim in Bowman's pocket. The two were then placed under arrest and given *Miranda* warnings. The agents later found a key to the suitcase in a pouch worn by Bowman.

At a suppression hearing the district court decided the cocaine was discovered during a private search and admitted the cocaine and fingerprint evidence from the suitcase. The court concluded the stop at the Kansas City airport was an arrest despite the agents' stated purpose of making an investigatory stop. The court also concluded the agents had probable cause to arrest Bowman and Washington and admitted the ticket receipt, lost luggage claim, and key. Statements made before the *Miranda* warnings were suppressed.

■■■ Bowman claims the district court should have suppressed the cocaine and evidence of his fingerprint because the suitcase was seized without a warrant. We disagree. While the agent's exercise of control over the suitcase and its contents

---

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western

District of Pennsylvania, sitting by designation.

was a seizure, that seizure was not unreasonable. Under circumstances where the suitcase had already been opened by an airline employee and the agent was merely invited to examine a brick of cocaine the employee had already exposed, the suitcase could no longer support any expectation of privacy. *United States v. Jacobsen,* 466 U.S. 109, 121–22, 104 S.Ct. 1652, 1660–61, 80 L.Ed.2d 85 (1984). Thus, the cocaine bricks were properly seized without a warrant. We also reject Bowman's argument that the agent needed a search warrant to unwrap the remaining identical bundles. The presence of the cocaine in the exposed bundle " 'spoke volumes as to [the] contents [of the remaining bundles]—particularly to the trained eye of the officer.' " *Id.* at 121, 104 S.Ct. at 1660 (quoting *Texas v. Brown,* 460 U.S. 730, 743, 103 S.Ct. 1535, 1544, 75 L.Ed.2d 502 (1983)).

Both Bowman and Washington claim there was no probable cause to arrest them at the Kansas City airport. We review the district court's finding of probable cause under the clearly erroneous standard. *United States v. Williams,* 897 F.2d 1430, 1435 (8th Cir.1990). "Probable cause exists where the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." *Id.* We cannot say the district court's finding of probable cause was clearly erroneous. The fact the agents thought they were making an investigatory stop did not foreclose the government from proving probable cause. *See Florida v. Royer,* 460 U.S. 491, 507, 103 S.Ct. 1319, 1329, 75 L.Ed.2d 229 (1983).

We disagree with Washington's contention the district court abused its discretion in several rulings at trial. We find no abuse of discretion by the district court in denying Washington's motion for severance, *see United States v. O'Connell,* 841 F.2d 1408, 1432 (8th Cir.1988), *cert. denied,* 488 U.S. 1011, 109 S.Ct. 799, 102 L.Ed.2d 790 (1989), 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 893 (1988), excluding testimony of an expert concerning the unreliability

of cross-racial identification, *see United States v. Purham,* 725 F.2d 450, 454 (8th Cir.1984), and allowing the use of his pre-*Miranda* statement for impeachment purposes, *see Michigan v. Harvey,* — U.S. ——, 110 S.Ct. 1176, 1180, 108 L.Ed.2d 293 (1990).

We also disagree with Washington's claim that the evidence was insufficient to support his conviction. After reviewing the record we conclude "a reasonable fact-finder could have found [Washington] guilty beyond a reasonable doubt." *Williams,* 897 F.2d at 1432. Finally, we find no clear error in the district court's factual finding that Washington was not a minor participant in the crime, *see United States v. Foote,* 898 F.2d 659, 668 (8th Cir.1990), *petitions for cert. filed,* Nos. 89–7781 (June 12, 1990), 89–7756 (June 13, 1990), and the court's refusal to grant a discretionary downward departure is not reviewable, *United States v. Evidente,* 894 F.2d 1000, 1003–04 (8th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990).

After carefully considering all of the claims raised by Bowman and Washington, we affirm their convictions and sentences.