# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1705

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Christopher Mark Rouse, Also | * | District of Arkansas. |
| Known as Michael Gibbins, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 9, 1998

Filed: July 10, 1998

_____

Before RICHARD S. ARNOLD and MORRIS SHEPPARD ARNOLD, Circuit
Judges, and PANNER,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

After being indicted on two counts of possessing a counterfeit social security card with intent to alter it, and one count of counterfeiting a social security card, all in violation of 42 U.S.C. § 408(a)(7)(C), Christopher Rouse moved to suppress certain evidence that had been obtained by means of a warrantless search of his luggage.

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

When that motion was denied, Mr. Rouse entered a conditional plea of guilty under Fed. R. Crim. P. 11(a)(2) and brought this appeal, asserting that the district court erred in denying his motion to suppress.

We reverse and remand the case for proceedings not inconsistent with this opinion.

I.

When Mr. Rouse appeared at the last minute for a flight from Little Rock to St. Louis, purchased a ticket with cash, and checked two bags, airline employees marked his carry-on luggage with orange stickers that would alert security personnel at the entrance to the relevant concourse that they should search Mr. Rouse's carry-on luggage. When Mr. Rouse presented himself at the gate with his carry-on luggage sans stickers, he was directed to return to the security post at the head of the concourse to have his carry-on luggage inspected. Instead, Mr. Rouse departed the airport altogether.

When Mr. Rouse's two checked bags arrived at St. Louis, Angela Manari, an airline employee whom Little Rock colleagues had advised to be on the alert for those bags, intercepted and searched them. The record is unclear as to what her motive was for doing this: There was some indication that she was looking for identification so as to be able to return the bags to Mr. Rouse, but it is more likely that she believed that the search might well turn up drugs or money. What she found, in any case, were a number of identification cards and blank social security cards. Since these seemed suspicious to her, she called in an airport policeman, who, in concert with another law enforcement agent, searched Mr. Rouse's bags and discovered, in addition to the items that Ms. Manari had found, a laminating machine and material for laminating cards.

II.

Because the search in this case was conducted without a warrant, the burden is on the government, as the district court recognized, to prove that the search comported with the requirements of the Fourth Amendment. That is to say, the warrantless search of luggage is presumptively unreasonable and thus presumptively unconstitutional. See United States v. Jacobsen, 466 U.S. 109, 114 (1984). In this case, the government does not assert that there were exigent circumstances that would excuse the lack of a warrant, or that the evidence was the product of a private search that would not support a Fourth Amendment claim. Its sole argument in support of the search in this case is that it was authorized because airline employees had already searched Mr. Rouse's checked bags and thus that Mr. Rouse had lost any expectation of privacy in them.

The difficulty with the government's position, we believe, is that it relies on a reading of Jacobsen that is much too broad. In that case, a private freight carrier opened a package, cut open a tube that was in it, and discovered a zip-lock plastic bag containing a white powder. When DEA agents arrived on the scene after employees of the carrier had called them in, they removed the zip-lock bag from the tube and inspected it. The Supreme Court held that the "invasions of respondents' privacy by the Government agent must be tested by the degree to which they exceeded the scope of the private search." Id. at 115. The Court went on to observe that the "Fourth Amendment is implicated only if the authorities use information with respect to which the expectation of privacy has not already been frustrated." Id. at 117. Because the actions of the federal officers' search in Jacobsen had not revealed to them anything that the freight carrier's employees had not already told them, the Court held that the Fourth Amendment had not been violated. Id. at 119-20.

Similarly, in this case the law enforcement agents who searched Mr. Rouse's checked bags had already been informed by airline officials of the fact that the bags contained multiple identification cards and blank social security cards. As we read Jacobsen, Mr. Rouse is therefore not entitled to have these items suppressed on Fourth

Amendment grounds. With respect to the laminating machine and materials, however, we believe that Mr. Rouse has made out a case for suppression. These were not items with respect to which the officers had had any previous information, and they were therefore not objects with respect to which Mr. Rouse had had his expectations of privacy frustrated. There is no evidence that these items were in plain view when the officers arrived or that Ms. Manari had discovered them prior to that time.

The government directs our attention to United States v. Bowman, 907 F.2d 63 (8th Cir. 1990), but we believe that that case does not require a contrary conclusion. In Bowman, airline employees opened one of five identical bundles wrapped in towels and found a brick of a white powdery substance. We rejected the argument that the law enforcement agent who later unwrapped the other four bundles had engaged in an unreasonable search, because those bundles were identical to the one that had already been revealed to contain what appeared to be contraband. The circumstances of the present case are therefore substantially dissimilar from those present in Bowman. It is true that in Bowman we also rejected the claim that the warrantless seizure of the suitcase was unreasonable, but in this case it is the search of a suitcase, not its seizure, that lies at the heart of Mr. Rouse's motion.

We hold therefore that the search of the suitcase that produced these last items was unconstitutional and that the motion to suppress should have been granted to this extent. Since we believe that this means that Mr. Rouse has "prevail[ed] on appeal," see Fed. R. Crim. P. 11(a)(2), we remand to the district court for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-