**UNITED STATES of America, Appellee,**

v.

**Antonio Nonato EVIDENTE, Appellant.**

No. 88–5208.

United States Court of Appeals,
Eighth Circuit.

Submitted April 25, 1989.

Decided Jan. 29, 1990.

Rehearing and Rehearing En Banc
Denied March 9, 1990.

Scott F. Tilsen, Minneapolis, Minn., for appellant.

James E. Lackner, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before ARNOLD, JOHN R. GIBSON and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Antonio Nonato Evidente fled from Guam to the Philippines, apparently to avoid criminal prosecution in Guam. Several years later he was returned to Guam (in disputed circumstances that are irrelevant to the issues in this appeal) and was found guilty in the United States District Court for the District of Guam on several federal charges, including conspiracy and mail fraud. He was sentenced in May 1987 to a twelve-year term of imprisonment. On December 7, 1987, while serving his sentence at the federal prison at Sandstone, Minnesota, Evidente escaped from a work detail. He fled to Mexico, where he was arrested on or about December 30, 1987. Found in his possession at the time of his arrest were documents indicating that he was trying to obtain a Philippines passport under an assumed name. He did not voluntarily surrender and was apprehended only after considerable investigation and the cooperation of an informant. He was brought back to the United States and charged with escape from federal custody in violation of 18 U.S.C. § 751(a) (1982). He pleaded guilty to this charge. The District Court[1] imposed a sentence under the Sentencing Guidelines of eighteen months.

In this direct appeal, Evidente challenges only his sentence. He argues: (1) the sentence imposed was in violation of law because the Sentencing Commission violated its directive from Congress in establishing the guideline for the offense of escape; (2) the court incorrectly applied the Guidelines by failing to give a reduction for acceptance of responsibility; and (3) the court erred in failing to depart downward. We affirm.

I.

██ Evidente contends that the offense level for escape established by the Sentencing Commission violates the governing statute[2] because the Commission irrationally failed to consider and adjust for several circumstances that mitigate or aggravate the seriousness of the offense. Evi-

---

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

2. 28 U.S.C. § 994(c) (Supp. V 1987) provides, in part:

The Commission, in establishing categories of offenses for use in guidelines and policy statements governing the imposition of ... imprisonment ... shall consider whether the following matters ... have any relevance ... and shall take them into account only to the extent that they do have relevance—

....

(2) the circumstances under which the offense was committed which mitigate or aggravate the seriousness of the offense;

....

dente specifically contends that Section 2P1.1 does not vary the offense level according to the method of escape (*e.g.*, walking away as opposed to bribing a guard or digging a tunnel) or the kind of facility from which the defendant has escaped (*e.g.*, escape from a work camp as opposed to a maximum security prison). Evidente contends that the failure to include such distinctions renders the offense level unresponsive to the congressional directive and, therefore, that his sentence was imposed in violation of law. 18 U.S.C. § 3742(a)(1), (e)(1) (1988).

In reviewing this sort of challenge to one of the guidelines, our task is not to determine what would be the best guideline for the offense in question, but rather to determine whether the guideline promulgated by the Commission is "sufficiently reasonable" in light of the congressional directive. *Cf. Federal Election Commission v. Democratic Senatorial Campaign Committee*, 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981) (quoting *Train v. Natural Resources Defense Council*, 421 U.S. 60, 65, 95 S.Ct. 1470, 1475, 43 L.Ed.2d 731 (1975)). Section 2P1.1 of the Guidelines gears the offense level to several circumstances that determine the appropriate guideline range. The primary distinction drawn by the guideline is based on the kind of custody from which the defendant escapes. Section 2P1.1(a)(1) assigns a base offense level of thirteen to escape from lawful custody arising from a conviction or lawful felony arrest, while Section 2P1.1(a)(2) assigns a base offense level of eight to escape by a person designated as a recalcitrant witness, a person awaiting extradition, or a person lawfully arrested for a misdemeanor.

In addition, the guideline increases or decreases the offense level depending on (1) whether the use or threat of force is involved (increase), (2) whether the escape is from a nonsecure facility and voluntary return occurs within ninety-six hours (decrease), and (3) whether the defendant who instigated or assisted the escape is a correctional officer or employee of the Department of Justice (increase).

We cannot say that Section 2P1.1 is not a sufficiently reasonable response to the congressional directive. Although the Commission might have written a guideline on escape that would have included some of the finer distinctions that Evidente urges and that the guideline as promulgated does not contain, we believe it is clear that the Commission was not obligated to do so. We therefore hold that the guideline complies with the congressional directive and that Evidente's sentence was not imposed in violation of law.

## II.

Evidente argues that the District Court erred in declining to give him credit for acceptance of responsibility. Section 3E1.1(a) of the Guidelines instructs the sentencing court to reduce the offense level by two levels "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." However, "[a] defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right." U.S.S.G. § 3E1.1(c). Instead, the sentencing court may look to several factors suggested by the Guidelines, including whether the defendant voluntarily terminated or withdrew from the criminal conduct and the timeliness of the defendant's conduct in manifesting his acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n. 1(a), (g)).

The question of whether a defendant has accepted responsibility is a factual one, depending largely on credibility assessments by the sentencing judge, who can far better evaluate the defendant's acceptance of responsibility than can a reviewing court. Consequently, "the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." U.S.S.G. § 3E1.1, comment. (n. 5); *See also United States v. Nunley*, 873 F.2d 182, 187 (8th Cir.1989).

█ Evidente argues that the reasons given by the District Court in refusing to give credit for acceptance of responsibility were without foundation. First, Evidente

contends that his flight from Guam seven years ago (after perpetrating the crime for which he was later convicted) is irrelevant to the court's assessment of his present acceptance of responsibility.[3] We disagree. We believe that Evidente's past failure to accept responsibility for his criminal conduct, and his demonstrated propensity for flight, properly could be considered by the sentencing court in evaluating Evidente's present claim of contrition.

■ Next, Evidente argues that his conduct during the commission of his escape from federal custody (he fled to Mexico and was attempting to reach the Philippines) is irrelevant because it is part of the offense. We again disagree. The fact that Evidente was captured in Mexico while seeking passage to the Philippines shows that he did not voluntarily withdraw from his criminal conduct. *See* U.S.S.G. § 3E1.1, comment. (n. 1(a)).

■ Finally, Evidente contends that the District Court erred as a matter of law in giving insufficient weight to his guilty plea. This contention lacks merit. At sentencing, the court stated: "I agree with the government that merely the plea of guilty by itself is meaningless." Sentencing Transcript at 19. The Guidelines provide that "[a] guilty plea may provide some evidence of the defendant's acceptance of responsibility. However, it does not, by itself, entitle a defendant to a reduced sentence." U.S.S.G. § 3E1.1, comment. (n. 3). We are satisfied that the court's statement, read in the context of the entire sentencing proceeding, is properly understood as the court's way of saying, consistent with the Guidelines, that Evidente's plea is, by itself, not enough to warrant a reduction. Indeed, we have difficulty in seeing any

critical difference between the court's statement and the Guidelines. In substance, both say that a plea of guilty, by itself, does not entitle the defendant to a reduction. We therefore hold that the court's statement does not provide a basis for overturning the court's decision to withhold credit for acceptance of responsibility.

Evidente has no factual basis for claiming credit for acceptance of responsibility other than his plea and a remorseful letter written four days prior to sentencing. We conclude that this showing is plainly insufficient to overcome the great deference to which the determination of the District Court is entitled. Accordingly, we conclude that the District Court did not err in refusing to give Evidente credit for acceptance of responsibility.

### III.

■ Evidente argues that the District Court abused its discretion in failing to depart downward for certain circumstances not adequately taken into consideration by the Sentencing Guidelines.[4] We conclude that this issue is nonreviewable.

The District Court has the authority, which it may exercise in its discretion, to depart from the applicable guideline if the court finds that there exists an aggravating or mitigating circumstance not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. *See* 18 U.S.C. § 3553(b) (1988); U.S.S.G. § 5K2.0. Our review of sentences has been carefully spelled out and limited by statute. A reviewing court must uphold a sentence unless it was "imposed in violation of law," was "imposed as a result of an incorrect application of the sentencing guidelines," was "outside the range of the

---

**3.** In addition to arguing that his flight from Guam is irrelevant, Evidente claims that this factor should not have been used by the District Court because when he left Guam he did not know he was under criminal investigation. Obviously, the District Court did not believe this contention. Evidente left Guam in 1982, leaving behind his family and his job of thirteen years as Deputy Director of Public Health and Social Services, after using his position to steal nearly $350,000 in food stamps. We hold that

the District Court's determination of Evidente's credibility was not clearly erroneous.

**4.** Specifically, Evidente contends that the court should have departed from the guideline range because: (1) his original sentence will be increased by the loss of good time and the extension of his parole date; (2) he has a good institutional record; (3) he is a Vietnam veteran; and (4) he lives some 12,000 miles away from his family.

applicable sentencing guideline and is unreasonable," or was "imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(e) (1988). The following subparagraph, section 3742(f) (1988), makes it crystal clear that we are to affirm the sentence unless we determine that the district court has erred in one of the four ways specified in section 3742(e) and cited above. Section 3742(f) thereby reiterates the plainly stated limits to our review of sentences under section 3742(e). The statutory bounds of our power to review sentences precisely track the limited statutory grounds for appeal by a defendant (Section 3742(a)) and for appeal by the government (Section 3742(b)).

Here, the sentence imposed by the District Court covers an offense for which there is an applicable sentencing guideline, and is not outside the range of that guideline. Further, Evidente does not argue that the court incorrectly applied the Guidelines, nor does he argue that the District Court's imposition of a sentence within the applicable guideline range was in violation of law. Rather, Evidente argues that the District Court abused its discretion in refusing to depart. We hold, however, that we lack authority to review this aspect of the sentencing determination. This Court simply is not empowered under 18 U.S.C. § 3742, or any other statute, to review a sentencing court's exercise of its discretion to refrain from departing either upward or downward from the range established by the applicable guideline.[5]

Our conclusion is supported by decisions from the First, Second, Third, Fifth, Sixth, Seventh, and Eleventh Circuits. *See United States v. Tucker*, 892 F.2d 8 (1st Cir. 1989) ("Congress made a conscious choice: whereas a decision to depart is appealable, a decision not to depart is not."); *United States v. Colon*, 884 F.2d 1550, 1551 (2d Cir.1989) ("[T]he discretionary failure to depart downward is not appealable...."); *United States v. Whyte*, 892 F.2d 1170 (3rd Cir.1989) (LEXIS, Genfed library, 3 Cir. file, *2) ("[A] district court's discretionary refusal to depart is not appealable.") (citing *United States v. Denardi*, 892 F.2d 269 (3rd Cir.1989); *United States v. Buenrostro*, 868 F.2d 135, 139 (5th Cir.1989) ("A claim that the district court refused to depart from the guidelines and imposed a lawful sentence provides no ground for relief."); *United States v. Draper*, 888 F.2d 1100, 1105 (6th Cir.1989) ("A sentence which is within the Guidelines, and otherwise valid, ... is not appealable on the grounds that the sentencing judge failed to

---

**5.** Our decision in *United States v. Justice*, 877 F.2d 664 (8th Cir.1989), does not require a different conclusion. *Justice* concerned claims that the defendant was entitled to a downward departure (1) under U.S.S.G. § 5K1.1 because of his substantial cooperation with the government, even in the absence of a motion by the government as is required for a departure under § 5K1.1, and (2) under U.S.S.G. § 4A1.3 because his criminal history category overstated the seriousness of his criminal background. In these contexts, the Court reviewed the district court's refusal to depart from the guideline range under an abuse of discretion standard. In contrast, Evidente claims that he is entitled to a departure under 18 U.S.C. § 3553(b), which authorizes departures if the district court finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). *Justice* correctly holds that as a matter of statutory interpretation § 3553(b) has no application to claims of the kind asserted by the defendant in that case, since that section specifically rules out departures based on factors adequately addressed by the Commission in its guidelines, policy statements, and official commentary. 877 F.2d at 666. Because the Commission provided policy statements authorizing departures for substantial assistance (§ 5K1.1) and for overstatement of the seriousness of the defendant's criminal history (§ 4A1.3), a departure under § 3553(b) on these grounds would be legally improper. 877 F.2d at 666. *Justice* therefore does not establish any standard of review for a district court's exercise of its discretion to grant or deny departures under § 3553(b) and thus does not govern the issue now before us. Moreover, *Justice* does not discuss in any manner the issue of whether appellate jurisdiction exists to review the discretionary refusal to exercise departure authority, nor does the opinion even refer to the statute that creates limited appellate jurisdiction over Sentencing Guidelines appeals, 18 U.S.C. § 3742. The jurisdictional issue simply was not raised either by the parties or the panel. Thus *Justice* cannot be read as having decided that issue, and it remains open for consideration in the present case.

depart from the Guidelines on account of certain factors which the defendant feels were not considered by the Guidelines and should reduce his sentence."); *United States v. Franz*, 886 F.2d 973, 978 (7th Cir.1989) ("Congress did not intend a district court's decision refusing to depart from the guidelines to be appealable."); *United States v. Fossett*, 881 F.2d 976, 979 (11th Cir.1989) ("The Sentencing Reform Act prohibits a defendant from appealing a sentencing judge's refusal to make a downward departure from the guideline sentencing range.").

Had the District Court somehow believed it lacked power to exercise discretion to grant Evidente a downward departure from the applicable guideline range, a different case would be presented. *See Fossett*, 881 F.2d at 979 (a claim that the district court did not believe it had the statutory authority to depart from the guideline range "presents a cognizable claim on appeal" under Section 3742(a)(1) or (2)). In an appeal raising such a claim, we would have jurisdiction either to confirm or reject the sentencing court's conclusion that it lacked authority to depart. If we determined that the sentencing court had such authority, we would remand the case to that court and direct it to consider whether on the facts of the case the court wishes to exercise its discretion in favor of a departure. Evidente, however, does not claim that the District Court thought it lacked discretion to depart. The District Court clearly was aware that it had the authority to depart downward. The court exercised its discretion and concluded that on the facts of Evidente's case a departure would be denied. We therefore reject this ground of the appeal as presenting a non-reviewable matter.

### IV.

The sentence imposed by the District Court is affirmed.