**UNITED STATES of America, Plaintiff,**

v.

**Mary Lee HARRISON, Defendant.**

**Cr. No. 91–10016–01.**

United States District Court,
W.D. Arkansas,
El Dorado Division.

Feb. 13, 1992.

Mark Webb, Asst. U.S. Atty., Fort Smith, Ark., for plaintiff.

Robert Depper, El Dorado, Ark., for defendant.

## ORDER

OREN HARRIS, District Judge.

Before the court is the defendant's motion for release on bond pending appeal filed on February 7, 1992. The government opposes the defendant's motion.

The defendant pleaded guilty to a one count information charging the defendant with embezzlement in violation of 18 U.S.C. § 657. The information alleged that the defendant embezzled $92,675.00 from the Ouachita County Hospital Credit Union from April 16, 1987, through October 17, 1990. The defendant was employed by the credit union during that time period.

Pursuant to her guilty plea the defendant was sentenced by this court on January 31, 1992. The sentence was fifteen (15) months in the custody of the Bureau of Prisons, thirty six (36) months supervised release and a special assessment of $50.00. The defendant was instructed to report to start serving her sentence on February 14, 1992.

At the sentencing hearing the defendant requested a downward departure due to her responsibility for caring for her adopted child. The defendant stated that the child needed her to take care of her because the child's natural mother had a severe alcohol abuse problem. The defendant's counsel characterized the request for departure as based on compassion.

The motion for downward departure was denied. The court found that the reasons stated by the defendant for the requested downward departure were addressed by United States Sentencing Guideline § 5H1.6. The court read the pertinent portion of U.S.S.G. § 5H1.6 into the record: "Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the guidelines." The court found no "mitigation circumstances" that would justify a downward departure. U.S.S.G. § 5K2.0.

The defendant's motion for release pending appeal should be denied. Before the court will release the defendant pending appeal it must determine that the appeal raises "a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(B)(i-iv). See *Federal Rule of Appellate Procedure* 9(c). The defendant's appeal fails to raise such questions and serves only to delay the inevitable.

The defendant was sentenced within the applicable sentencing guideline range. The reasons for downward departure asserted by the defendant were addressed by the sentencing commission as relating to family ties. The denial of a downward departure is not a reviewable matter. *U.S. v. Evidente*, 894 F.2d 1000 (8th Cir.1990).

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the defendant's motion for release pending appeal be and the same is hereby denied.