**UNITED STATES of America, Plaintiff,**

**v.**

**Darian CHAMBERS, Defendant.**

**No. 89–00030–01–CR–W–3.**

United States District Court,
W.D. Missouri, W.D.

May 14, 1992.

Peter Ossorio, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

F. Lawrence Warren, Warren Law Office, Kansas City, Mo., for defendant.

### MEMORANDUM OPINION AND ORDER

ELMO B. HUNTER, Senior District Judge.

On April 1, 1992, the above-styled matter was remanded to this Court for the limited purpose of considering the issues raised in defendant's motion for downward departure. Defendant's motion raises three issues: (1) whether defendant is entitled to a downward departure in his sentence, due to diminished mental capacity; (2) whether the Court, or the Attorney General, is charged with determining the amount of credit defendant is due for time served; and (3) whether, under this Court's sentence, defendant is to be remanded to the custody of the federal Bureau of Prisons or returned to the custody of the State of

California. The Court shall take these issues up in order.

## I.

Defendant moves the Court, pursuant to Chapter 5, Part K of the United States Sentencing Guidelines, for a downward departure in his sentence.

Defendant Darian Chambers was charged in a two-count indictment on February 14, 1989. Count 1 alleged that defendant possessed, with the intent to distribute, fifty or more grams of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) a class A felony. Count 2 alleged that defendant, in the course of the above-mentioned drug trafficking offense, used two firearms, in violation of 18 U.S.C. § 924(c) a class D felony. On May 26, 1989, defendant Chambers pled guilty to Count 1. On May 30, 1989, a nonjury trial was held on Count 2, which resulted in a finding of guilty. On September 5, 1989, defendant Chambers failed to appear before the Magistrate for a hearing on a reported bail violation. He remained a fugitive until February 14, 1991, when he was arrested and detained in Los Angeles, California, on state charges.

■ Defendant now urges this Court to make a downward departure in his sentence contending that he suffers from diminished mental capacity, which contributed to the commission of the crime. Defendant argues that he suffers from attention deficit disorder or minimal brain dysfunction, has features of a dependent personality disorder and suffers from substance dependency. At his hearing on this matter, defendant introduced evidence that the prescription drugs used to treat this condition are similar, in their chemical makeup, to cocaine. Defendant submits that his use of cocaine amounted to an unknowing effort on his part to self-medicate—that is, he acquired and used a controlled substance, which was similar, in its chemical properties, to the medication a physician might have prescribed in the treatment of defendant's mental disorders.

Section 5K2.13 provides, in pertinent part, that the Court may depart downward in sentencing "[i]f the defendant committed a *non-violent offense* while suffering from *significantly reduced* mental capacity *not resulting from voluntary use of drugs* or other intoxicants ... to reflect the extent to which reduced mental capacity contributed to the commission of the offense." U.S.S.G. § 5K2.13 (emphasis added). The government argues that defendant is not eligible for departure under this section because the offenses which defendant committed do not qualify as being non-violent.

Under the guidelines, "crime of violence" is defined as "*any offense* under federal or state law punishable by imprisonment for a term exceeding one year that—[*inter alia*] ... involves conduct that presents a *serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(1)(ii) (emphasis added). In this case, defendant was convicted of possession with intent to distribute "crack" cocaine and of use of firearms during a drug trafficking offense. Under the circumstances, the Court would agree that the use of firearms, in relation to the aforementioned drug trafficking offense, constitutes an offense involving "conduct that presents a serious potential risk of physical injury to another." [1] The Court, however, needs not, and does not, reach this issue.

This Court understands that the decision to, or not to, depart downwardly is a matter of discretion for the Court. *See United States v. Follet*, 905 F.2d 195, 197 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2796, 115 L.Ed.2d 970 (1991); *United States v. Evidente*, 894 F.2d 1000, 1003–05 (8th Cir.), *cert. denied*, 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). Suffice it to say that, after considering all the facts and circumstances of the present case, the Court is not persuaded to exercise its discretion and depart downwardly in its sentence of defendant Chambers. This Court

---

**1.** The Court is aware of no Eighth Circuit authority directly on point to the contrary. While defendant cites authority from other circuits to the contrary, this Court would respectfully disagree.

is not persuaded that defendant's mental capacity was significantly reduced, as contemplated by the guidelines, nor that such reduction was not the result of voluntary use of drugs, nor that his mental capacity was a contributing cause of the crime. *See generally, United States v. Soliman*, 954 F.2d 1012 (5th Cir.1992). Accordingly, the portion of defendant's motion asking this Court for downward departure is DENIED.

## II.

■ Defendant also argues that the calculation for credit for time served in custody, pursuant to 18 U.S.C. § 3585(b), is a matter within the discretion of the sentencing court and, as such, has urged this Court to make a particular calculation.[2] This Court finds *United States v. Wilson*, — U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) dispositive of this issue. *United States v. Wilson* held, *inter alia*, that it is the Attorney General, not the district court, who, in the first instance, computes the amount of § 3585(b) credit a defendant is entitled to for time spent in custody. *Id.* 112 S.Ct. at 1356. Accordingly, this Court finds that it is without authority to make the calculation urged by defendant.[3]

In *Wilson*, the Supreme Court noted that the Bureau of Prisons has developed detailed guidelines and procedures for determining the amount of credit available to prisoners for jail-time already served. *Id.* at 1355. The Court further stated that after a district court completes its sentencing, "the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence." *Id.* As such, the "Attorney General has no choice

but to make the determination [as to the amount of credit due for time served] ... when imprisoning the defendant." *Id.*

A careful reading of the record in the present case leaves some question as to whether the Attorney General, in accordance with *Wilson*, made the initial computation regarding the amount of credit defendant was entitled to for time served. *See* Memorandum from Bergman, U.S. Probation Officer, to the Court of 1/30/92 ("The *Office of the United States Marshal* advises that as of January 30, 1992, [defendant Chambers] has accumulated 5 day(s) in custody creditable against any sentence imposed by this Court.") (emphasis added). Accordingly, this Court hereby ORDERS the United States Attorney to review the file in this matter and determine that the calculation of creditable time has been made in conformance with *United States v. Wilson*.

## III.

■ Finally, this Court is asked to clarify its sentencing of defendant Chambers. Specifically at issue is whether the defendant is to be remanded to the custody of the federal Bureau of Prisons or to the State of California and whether defendant's federal and state sentences are to run concurrently or consecutively.

On June 13, 1991, prior to being returned to the Western District of Missouri for sentencing in this matter, the defendant was sentenced by the Superior Court of the State of California for the County of Los Angeles, on state charges, pursuant to a negotiated plea agreement. A transcript

---

**2.** This Court is mindful of the limited nature of the Eighth Circuit's remand. This case was remanded for the limited purpose of conducting a hearing on defendant's motion for downward departure. It is the case, however, that all issues addressed by the Court, in this Order, were originally raised by defendant contemporaneously in his motion for downward departure and were scheduled by this Court as issues to be heard at defendant's hearing on his motion for downward departure. Ultimately, these issues ..ffect defendant's sentencing. As such, the Court believes that such issues are appropriately addressed in this Order and are within the parameters set in the Eighth Circuit's remand.

**3.** This Court does not understand *Wilson* to mean that the Attorney General has unreviewable discretion to determine the appropriate amount of credit in any case. *United States v. Wilson*, — U.S. ——, ——, 112 S.Ct. 1351, 1356, 117 L.Ed.2d 593 (1992) (Stevens, J., dissenting). On the contrary, this Court believes that such determination is subject to judicial review after a defendant has exhausted his administrative remedies. *See, e.g., Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir.1984), *cert. denied*, 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985).

of that proceeding makes it clear that the sentencing judge, the Honorable Lois Anderson Smaltz, intended that defendant Chambers' state court sentence run concurrently with any sentence that he might receive in the instant federal matter.[4] Upon completion of sentencing, Judge Smaltz also ordered that defendant Chambers was to be immediately turned over to the federal marshal and returned to Kansas City, Missouri, for processing in this case. The only reasoned interpretation of the above-described proceedings, and the interpretation this Court so finds, is that the California court intended that defendant Chambers be returned to the Western District of Missouri for sentencing in this matter, and that the court anticipated that defendant Chambers would be sentenced and remanded to the custody of the federal Bureau of Prisons. Accordingly, Judge Smaltz ordered that the state sentence would run concurrently to the sentence she anticipated defendant Chambers would be serving in federal prison.[5]

Of course, no state court sentence can bind a District Court of the United States in its sentencing on a separate federal matter. In the interest of comity and respect for the state court system, however, this Court will not disturb the sentence, nor the intended result of the sentence, imposed by the California state court on defendant Chambers. Accordingly, this Court hereby explains and clarifies that the portion of its sentence of defendant Darian Chambers that includes an amount of time equal to the aforementioned California state sentence shall run concurrently with such state sentence. The portion of this Court's sentence that exceeds defendant Chambers' state sentence shall run consecutively to his state court sentence. It is further clarified that, upon filing of this Order, defendant Chambers is to be immediately remanded to the custody of the federal Bureau of Prisons for the service of his sentence and is not to be returned to the State of California.

By this Order, the United States Marshal, the United States Attorney, the Unit-

4. MR. WALLACE [DEP. D.A. describing the plea agreement to the Court]: ... There was some disagreement .. as to the exact meaning and circumstances of the four years concurrent. Our opinion and our belief, and I think a reasonable reading of the transcript does not contradict that, that he [defendant Chambers] was pleading on this case for four years. We are representing that from our standpoint, which is all we can do, that *that would be concurrent with whatever time he gets on the federal case....*

*  *  *  *  *  *

THE COURT: I am prepared to sentence him today based precisely upon the agreement that was made in the Municipal Court on April 29th. I will follow the language exactly that was stated by you, Mr. Fleetwood, unless there is some reason that should not be done.

MR. WALLACE [DEP. D.A.]: The deal was for four years concurrent.

*  *  *  *  *  *

THE COURT: Mr. Chambers, what I said is I am prepared to sentence you based upon the disposition that was agreed to at the time you entered your plea on April 29th.... I am just going to go ahead with the deal as it was originally stated on April 29th in Municipal Court in front of Judge Suzukawa.

*  *  *  *  *  *

THE COURT: ... The State prison terms are to run *concurrent* with each other and with the federal case in Kansas City, Missouri....

*  *  *  *  *  *

MR. FLEETWOOD [DEF. CSL.]: Your Honor, can he be returned to the federal marshal to Kansas City, Missouri, forthwith?

THE COURT: Yes. He is to be *returned to Kansas City, Missouri.* Forthwith.
Sent. Tr., *California v. Chambers,* June 13, 1992 at 4, 6, 7, 9 (emphasis added).

5. This Court finds the transcript of the state court proceedings to admit no alternative interpretation. Indeed, Judge Smaltz would not have fashioned defendant Chambers' state sentence to run concurrently with his federal sentence, unless she anticipated that defendant Chambers would be serving the federal sentence in a federal institution. Otherwise, there is no apparent way in which she could have accomplished concurrent sentences. A court of the State of California obviously could not bind a Court of the United States to impose a federal sentence to run concurrently with a state sentence being served by a defendant in a state prison.

ed States Probation Office or other appropriate authorities are instructed to take the steps necessary to effectuate this Order.

### CONCLUSION

This Order disposes of all matters pending before this Court as a result of defendant's motion for downward departure and the limited remand issued by the Eighth Circuit. Accordingly, upon filing of this Order, the matter is ready to be returned to the Eighth Circuit for further proceedings related to defendant's appeal.

IT IS SO ORDERED.