977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Larry Edward HUDDLESTON, Appellant.
 No. 92-1046.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1992.
Filed: October 6, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Larry Edward Huddleston went on a crime spree during April, May, and June of 1991. He robbed three banks at locations in Tulsa, Oklahoma; Aurora, Colorado; and Omaha, Nebraska. Each robbery involved the use or threatened use of a hand gun. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, all three cases were transferred to the Western District of Arkansas for disposition. Huddleston appeared before the district court on September 19, 1991, and entered pleas of guilty to the offenses arising out of the three episodes. After receiving a presentence report and holding a sentencing hearing, the district court sentenced Huddleston to 60 months of incarceration to be followed by a consecutive 292-month sentence. The longer sentence was for the three bank robberies which were violations of 18 U.S.C. § 2113(a) or 18 U.S.C. § 2113(d). The Nebraska indictment also charged a violation of 18 U.S.C. § 924(c)(1), a separate firearms offense. This conviction was the basis for the imposition of the 60-month period of incarceration.
 
 
 2
 Huddleston claims that the district court erred in finding that he was a career offender under U.S.S.G. § 4B1.2 and in refusing to depart downward from the guideline sentence calculation as permitted by U.S.S.G. § 5K2.0. We reject these claims and affirm.
 
 
 3
 Huddleston contends that departure downward from his guideline sentence was appropriate because his criminal history category significantly over-represented his actual criminal history. Recognizing that a district court has great discretion in deciding whether to depart from a guideline calculation, United States v. Evidente, 894 F.2d 1000, 1004 (8th Cir. 1990), the defendant attempts to squeeze himself within our holding in United States v. Brown, 903 F.2d 540, 544 (8th Cir. 1990). He contends that the district court, by his remarks at sentencing, indicated that he did not know that he had the power to depart downward. We reject this reading of the district court's statements. The judge merely stated that he did not find a "basis" to lower the sentence not that he did not have the authority to depart if he chose to do so. Sentencing Transcript at 23. Thus, under Evidente, this is not reversible error or even a reviewable issue.
 
 
 4
 Huddleston's other contention revolves around the nature of his prior criminal offenses when analyzed under U.S.S.G. § 4B1.1. (3). He invites us to examine his specific conduct in conjunction with a 1977 conviction of robbery of a dwelling. He says that when his underlying acts are examined, the court must find he imposed no "serious potential risk of physical injury to another." He therefore argues that the court erred in applying U.S.S.G. § 4B1.2(1)(ii). Appellant's brief at 8.
 
 
 5
 Whether or not Huddleston's procedural argument has any merit, we would reject his theory in view of the following facts. In January of 1977, Huddleston and a friend, according to Huddleston, stopped at a home for directions. When no one answered the door, his companion kicked in the back door and they absconded with property from the house. Huddleston contends that because the premises were unoccupied at that moment, there was "no threat of serious bodily injury to anyone." Appellant's brief at 5. To argue that there was no "serious potential risk" to others under these circumstances borders on the frivolous.
 
 
 6
 Accordingly, we affirm in all respects.