12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Brett E. THOMAS, Appellant,
 No. 93-2087.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 26, 1993.
Filed: December 2, 1993.
 
 Appeal from the United States District Court for the Eastern District of Missouri.
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Brett Thomas appeals his 48-month sentence imposed by the District Court[1] after he pleaded guilty to eight counts of distributing cocaine and cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1) (1988). We affirm.
 
 
 2
 As part of the plea negotiations, the parties stipulated that on eight separate occasions Thomas sold, in ever-increasing amounts, a total of approximately 7 grams of cocaine base and 261 grams of cocaine to undercover agents. According to the presentence report (PSR), after Thomas made a series of small sales to the agents, a confidential informant notified them that Thomas was interested in making a multi-ounce sale of cocaine. After meeting with his supplier, Wilbur Collier, Thomas sold the agents larger amounts of cocaine on four occasions. The PSR indicated a total offense level of 23 after a three-level reduction for acceptance of responsibility, and a criminal history category of I, resulting in a sentencing range of 46 to 57 months.
 
 
 3
 Thomas argued that a departure from the Guideline's range was warranted and filed a sentencing memorandum. It stated that Thomas was a hardworking young man who helped senior citizens and had overcome a learning disability to graduate from high school. It also asserted that a co-worker, John Yarber, had befriended Thomas and, knowing Thomas was supporting his mother and his children, told Thomas he knew a person who could get them better jobs if they supplied him with cocaine; Yarber was actually a confidential informant who wanted to use Thomas to get to Collier.
 
 
 4
 At sentencing, several witnesses testified as to Thomas's good character. Counsel asserted, inter alia, that Yarber led Thomas into wrongdoing. The court determined there were no factors warranting a downward departure, and that to depart would thwart the intent of Congress and the Sentencing Commission. The court noted it would consider the character evidence in sentencing Thomas within the Guideline range, and rejected the government's argument that Thomas did not deserve such consideration because he was actually part of a larger uncharged cocaine conspiracy. The court sentenced Thomas to 48 months imprisonment and three years supervised release.
 
 
 5
 On appeal, appointed counsel filed a brief under Anders v. California, 386 U.S. 738 (1967). The brief raises an argument that the District Court erred in not using the discretion available to it to reduce Thomas's sentence pursuant to U.S.S.G. Sec. 5K2.0, p.s. (Nov. 1992). This Court, however, "is not empowered ... to review a sentencing court's exercise of its discretion to refrain from departing either upward or downward from the range established by the applicable guideline." United States v. Evidente, 894 F.2d 1000, 1004 (8th Cir.), cert. denied, 495 U.S. 922 (1990); see also United States v. Edgar, 971 F.2d 89, 93 (8th Cir. 1992).
 
 
 6
 Thomas argues in a pro se brief that the District Court erred in not considering the issue of sentencing entrapment, and that such entrapment is a mitigating circumstance warranting departure which the Sentencing Commission did not consider. We have held that sentencing entrapment may be relied upon to depart downward. United States v. Barth, 990 F.2d 422, 424-25 (8th Cir. 1993). We described sentencing entrapment as "outrageous official conduct [which] overcomes the will of an individual predisposed only to dealing in small quantities for the purpose of increasing the amount of drugs ... and the resulting sentence of the entrapped defendant." Id. at 424 (internal quotations omitted). That description does not fit the facts here. Thomas does not dispute that agents had ceased contact with him, assuming he was only a small-time seller, until Thomas himself resumed contact and began furnishing larger amounts of cocaine.
 
 
 7
 Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80-82 (1988).
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri