# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2068

_____

United States of America,　*
　　　　　　　　　　　　　　*
　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　* Appeal　from　the　United
　　　　　　　　　　　　　　　States
　　v.　　　　　　　　　　* District Court for the
　　　　　　　　　　　　　　* District of Nebraska
Donald R. Hughes,　　　　*
　　　　　　　　　　　　　　*
　　　　Appellant.　　　　 *

_____

Submitted:　　　October 20, 1997

Filed:　　　　　November 10, 1997

_____

Before McMILLIAN, LAY and BEAM, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Defendant Donald R. Hughes appeals from a final judgment entered in the United States District Court[1] for the District of Nebraska upon his conditional guilty plea to one count of conspiracy to distribute cocaine base, 21 U.S.C. §§ 841(a)(1) and 846, and one count of criminal forfeiture, 21 U.S.C. § 853. <u>United States v. Hughes</u>,

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

No. 8:CR95-00128-003 (D. Neb. Mar. 18, 1997) (judgment). For reversal, defendant argues that the district court erred in: (1) denying his motion for disclosure of the identities of two government sources; (2) denying his motion for a <u>Franks</u>[2] hearing; (3) denying his motions to suppress; and (4) denying his motion for a downward departure. Upon careful consideration, we affirm.

Jurisdiction in the district court was proper based upon 18 U.S.C. § 3231. Jurisdiction in this court is proper based upon 28 U.S.C. § 1291. A notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

The following is a summary of the background of this case. On the evening of October 8, 1995, officers with the Omaha Police Department were conducting surveillance at an apartment complex in Omaha, Nebraska, when they observed two men enter the apartment complex and later leave, each time carrying a duffle bag. The officers followed the two men's car and later stopped them. Upon receiving consent to search the vehicle and the duffle bag, the officers discovered crack cocaine and powder cocaine in the bag. The officers obtained a warrant to search and did search the apartment which the two men had entered. In that apartment, the officers found evidence that crack cocaine had recently been manufactured there. Because the same two men, carrying the same duffle bag,

---

[2]<u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

had been seen leaving defendant's residence earlier on October 8, 1995, and for numerous other reasons, law enforcement officers later obtained a warrant to search defendant's home and his person.  The warrant was executed shortly after 10:00 p.m., on December 14, 1995, at which time the officers found approximately 170 grams of crack cocaine and approximately $30,000 in cash.

Defendant, who had been observed leaving the house by car just prior to the search, was stopped by the police and brought back to the house while the search was in progress. Defendant reportedly made two statements to one of the officers at the time of the search.

Following his indictment, defendant filed three sets of motions, the dispositions of which were initially rendered by a magistrate judge[3] and subsequently reviewed by the district court. First, defendant moved for disclosure of the identities of one confidential informant and one "concerned citizen" who had assisted law enforcement officers in the investigation that led to the search of defendant's home. The magistrate judge denied the motion on grounds that neither the concerned citizen nor the confidential informant was a percipient witness whose identity was required to be disclosed and defendant had not shown that disclosure was material or vital to his right to a fair trial. United States v. Hughes, slip op. at 2-3 (Nov. 12, 1996) (order of the magistrate judge addressing motion for disclosure of identities), aff'd id. (Dec. 4, 1996) (district court order).

Second, defendant moved for a Franks hearing, challenging the truthfulness and validity of the

_____

[3]The Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

-4-

affidavit used in support of the application for the warrant to search defendant's home. That motion was denied on grounds that: defendant had not shown the falsity of the challenged information in the affidavit; even if the information was false, defendant had not shown that the affiant acted knowingly or with reckless disregard for the truth; and, finally, defendant had failed to show that redaction of the challenged information would leave the affidavit without sufficient information to

support a finding of probable cause.  <u>Id.</u>, slip op. at 5 (Nov. 12, 1996) (order of the magistrate judge addressing motion for a <u>Franks</u> hearing), <u>aff'd</u> <u>id.</u> (Dec. 4, 1996) (district court order).

Third, defendant moved for suppression of the evidence obtained upon the execution of the search warrant and for suppression of the statements he made during the search.  Following an evidentiary hearing on defendant's motions to suppress, the magistrate judge issued a written report recommending that the motions be denied.  <u>Id.</u>, slip op. at 9 (Nov. 12, 1996) (magistrate judge's report and recommendation).  The magistrate judge stated, among other reasons, that there was probable cause to support the issuance of the warrant under the totality of the circumstances, <u>id.</u> at 6 (citing <u>Illinois v. Gates</u>, 462 U.S. 213 (1983)), and, in any case, the good faith exception would apply to the officers' reliance on the warrant, <u>id.</u> (citing <u>United States v. Leon</u>, 468 U.S. 897 (1984)).  As to defendant's statements, the magistrate judge found that they were made voluntarily and were not the product of coercion or undue influence.  <u>Id.</u> at 9 (citing <u>Connelly v. Colorado</u>, 479 U.S. 157 (1986)).  The district court adopted the magistrate judge's report and recommendation.  <u>Id.</u>, slip op. at 1-2 (Dec. 4, 1996) (approving and adopting the magistrate judge's report and recommendation and denying defendant's motions to suppress).

Defendant entered a conditional guilty plea on December 9, 1996, and thereafter moved for a downward departure under the sentencing guidelines. The district court declined to depart downward and sentenced defendant to 240 months imprisonment (within the applicable range of 235 to 293 months under the guidelines), five years of supervised release, and a special assessment of $50.00. This appeal followed.

We have reviewed the record in the present case and the parties' briefs on appeal. Upon careful consideration, we find no basis upon which to reverse the district court's decision to deny defendant's motion for disclosure of identities, to deny his motion for a <u>Franks</u> hearing, or to deny his motions to suppress evidence and statements. Furthermore, we decline to review the district court's decision not to depart downward. <u>United States v. Evidente</u>, 894 F.2d 1000 (8th Cir.) (holding that the court of appeals lacks authority to review the district court's refusal to depart from the guidelines), <u>cert. denied</u>, 495 U.S. 922 (1990).

The judgment of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.