# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3573

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　District of Minnesota.
Arin Basurto Cabrera,　　　　　　*
　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　*

_____

Submitted:　May 14, 2003

Filed:　June 9, 2003

_____

Before BOWMAN, HEANEY, and BYE, Circuit Judges

_____

PER CURIAM.

Arin Basurto Cabrera pleaded guilty to one count of possession with intent to distribute methamphetamine and was sentenced to fifty-seven months. The district court[1] denied his motion to depart downward for aberrant behavior and he appeals. We affirm.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Cabrera pleaded guilty on June 14, 2002, to possession with intent to distribute approximately 434 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B). The charge arose when Cabrera sold the methamphetamine to a confidential informant on March 7, 2002. In the presentence interview with the probation officer who prepared his presentence investigation report Cabrera admitted he sold a pound of methamphetamine to the same confidential informant three months earlier.

Based on drug quantity the base offense level for Cabrera's crime was thirty. Cabrera was given a three-level reduction for acceptance of responsibility. He also received a two-level safety-valve reduction pursuant to United States Sentencing Guideline (U.S.S.G.) § 2D1.1(b)(6). The resulting total offense level was twenty-five. Cabrera had no criminal history points, so his Criminal History Category of I resulted in an applicable sentencing range of fifty-seven to seventy-one months.

On September 24, 2002, Cabrera filed a motion for downward departure based on "aberrant behavior" pursuant to U.S.S.G. § 5K2.20. That Guideline provides for a downward departure if a defendant's criminal conduct constituted aberrant behavior. "'Aberrant behavior' means a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. § 5K2.20.

Cabrera argued the instant offense and drug sale three months earlier were not separate incidents, but two parts of one extended criminal occurrence or transaction. Because his charged crime was part of a lone, "aberrant" criminal act in an otherwise law-abiding life, Cabrera contended, he qualified for the "aberrant behavior" departure of § 5K2.20. The district court heard arguments on the motion during the sentencing hearing on October 2, 2002. The court denied the downward departure and imposed a sentence of fifty-seven months.

Cabrera contends the district court erred by not considering whether his crime was an aberrant behavior. It is well established by this court we do not have the authority to review the refusal to grant a downward departure, <u>United States v. Evidente</u>, 894 F.2d 1000,1004-05 (8th Cir. 1990), unless the district court determined it lacked authority to consider a particular mitigating factor. <u>United States v. Beltran</u>, 122 F.3d 1156, 1158 (8th Cir. 1997) (citation omitted). It is clear from our review of the record the district court recognized its authority to depart but chose not to do so. Because the district court recognized its authority to depart and refused, we do not have jurisdiction to review. Accordingly, this appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.