# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2838

_____

United States of America,

      Appellee,

v.

Glenn Thomas Ferrell,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Arkansas
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: May 11, 2004

Filed: May 24, 2004

_____

Before MORRIS SHEPPARD ARNOLD, McMILLIAN and MELLOY,
    Circuit Judges.

_____

PER CURIAM.

Glenn Thomas Ferrell appeals from a final order entered in the United States District Court[1] for the Western District of Arkansas finding him guilty, pursuant to a guilty plea, of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(c), (d). The district court denied appellant's motion for a downward departure

---

[1]Hon. Harry F. Barnes, United States District Judge for the Western District of Arkansas.

under U.S.S.G. § 5K2.0 and sentenced appellant to 18 months imprisonment, 3 years supervised release, and a special assessment of $100. For reversal, appellant argues that the district court abused its discretion in denying his motion for downward departure. We hold that we lack authority to review the denial of the motion for downward departure and, accordingly, affirm the sentence imposed by the district court.

The underlying facts are not disputed. In September 2001 law enforcement officers executed a search warrant at the residence of appellant's uncle. Appellant had been staying at the residence and was present during the search. Officers seized several firearms from the residence, including a rifle with a shortened barrel and an attached magazine from underneath the bed where appellant had been sleeping. The rifle was not registered to appellant in the National Firearms Registration and Transfer Record as required.

A federal grand jury indicted appellant, charging him with being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3), and possessing an unregistered firearm in violation of 26 U.S.C. § 5861(c), (d). Appellant entered a not guilty plea and was released on bond. Appellant later changed his plea and entered a guilty plea, pursuant to a written plea agreement, to the unregistered firearm count. Appellant requested a downward departure under U.S.S.G. § 5K2.0. The district court acknowledged its authority to depart downward, but stated that it was not inclined to do so, and sentenced appellant to 18 months imprisonment, 3 years supervised release and a special assessment of $100. The district court also recommended participation in an intensive drug treatment program. This appeal followed.

Appellant acknowledges that case law holds that the denial of a motion for downward departure is not reviewable on appeal but urges the court to reconsider that position, especially where "the fundamental right of liberty is at stake." On the

merits, appellant argues that the district court abused its discretion in denying his motion for downward departure. He argues that the district court should have sentenced him to probation, or a drug rehabilitation program, because the offense conduct was an aberrant act inconsistent with his character and lack of a criminal history. He also argues that the sentence overrepresented his criminal culpability and that there were significant mitigating circumstances.

Here, the district court was aware that it had the authority to grant a downward departure but decided not to do so. The sentencing court's discretionary denial of a motion for downward departure is not reviewable on appeal. See, e.g., United States v. Evidente, 894 F.2d 1000, 1004 (8th Cir.), cert. denied, 495 U.S. 922 (1990). That decision remains controlling authority; a panel of this court cannot overrule the decision of another panel.

Accordingly, we affirm the sentence imposed by the district court.

_____