# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1892

———————

United States of America,      *

     *

     Plaintiff - Appellee,      *

     *    Appeal from the United States

v.      *    District Court for the

     *    Western District of Missouri.

David L. Robinson,      *

     *

     Defendant - Appellant.      *

———————

Submitted: January 12, 2005
Filed: June 6, 2005

———————

Before LOKEN, Chief Judge, HANSEN and MURPHY, Circuit Judges.

———————

LOKEN, Chief Judge.

In this case that was briefed and argued before the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), David L. Robinson pleaded guilty to possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). At sentencing, Robinson moved for a downward departure on the ground that he has an "extraordinary physical impairment." See U.S.S.G. § 5H1.4 (p.s.). The district court[1] declined to depart and sentenced Robinson to thirty months in prison. Robinson appeals, arguing that the district court misapplied

—————————————

[1]The HONORABLE GARY A. FENNER, United States District Judge for the Western District of Missouri.

§ 5H1.4 when it required him to show that the federal Bureau of Prisons would be unable to care for his medical needs.  We affirm.

1.  Subchapter 5H of the Guidelines contains policy statements that "address the relevance of certain offender characteristics to the determination of whether a sentence should be outside the applicable guideline range."  U.S.S.G. Ch. 5, Pt. H, intro comment.  Section 5H1.4 provides in relevant part:

> Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted. However, an extraordinary physical impairment may be a reason to depart downward . . . .

A departure based on a characteristic that is "not ordinarily relevant" to sentencing "should occur only in exceptional cases, and only if the circumstance is present in the case to an exceptional degree."  U.S.S.G. § 5K2.0 comment. n.3(C).

Prior to Booker, this court consistently held that we lack jurisdiction to review a district court's discretionary refusal to depart downward from the applicable guidelines range "unless the district court had an unconstitutional motive or erroneously believed that it was without authority to grant the departure."  United States v. Gonzalez-Lopez, 335 F.3d 793, 799 (8th Cir. 2003); see United States v. Evidente, 894 F.2d 1000, 1003-05 (8th Cir. 1990); 18 U.S.C. § 3742(a).[2]  In this case, the district court was clearly aware of its departure authority under § 5H1.4 but found that Robinson does not suffer from an extraordinary physical impairment within the meaning of that policy statement.  The Evidente line of cases does not foreclose our

_____

[2]The PROTECT Act, Pub. L. 108-21, 117 Stat. 650 (April 30, 2003), while mandating *de novo* review of district court departures, see 18 U.S.C. § 3742(e), did not expand our jurisdiction to review discretionary departure denials.  See, e.g., United States v. Linn, 362 F.3d 1261 (9th Cir. 2004).

review of that finding. In <u>Williams v. United States</u>, 503 U.S. 193, 201 (1992), the Supreme Court concluded that the district court, in departing downward, had erroneously construed a Guidelines policy statement that prohibited the departure. The Court held that the resulting sentence must be remanded because it was "imposed as a result of an incorrect application of the sentencing guidelines." Likewise, an erroneous finding that the defendant lacks an extraordinary physical impairment is an erroneous decision that the court lacks authority to depart. Thus, consistent with <u>Williams</u>, we held in <u>United States v. Rabins</u>, 63 F.3d 721, 728-29 (8th Cir. 1995), that whether the defendant has an extraordinary physical impairment for purposes of § 5H1.4 is a question of fact that we review for clear error.

In this case, the district court heard extensive evidence concerning Robinson's physical condition. In the twenty years since he was severely injured in an auto accident, Robinson has undergone twelve to fifteen major surgeries. He suffers from chronic pain, double vision, nausea, and migraines. His brother, a physician, testified that Robinson also has mental illnesses including severe panic attacks and hysteria. Dr. Robinson opined that incarceration would subject his brother to significant dangers and undoubtedly worsen his condition. On the other hand, the government presented evidence that Robinson can drive a car, lift up to fifty pounds, hunt, and spend the night without a comfortable bed. A physician at the U.S. Center for Federal Prisoners reviewed Robinson's medical records and concluded "to a reasonable degree of medical certainty that Mr. Robinson's medical and mental health care needs can be appropriately treated at a federal medical center if he is sentenced to a term of imprisonment."

The district court found that Robinson does not suffer from an extraordinary physical impairment because he failed to prove that the Bureau of Prisons would be unable to care for his medical needs. After careful review of the record, we conclude that this finding is not clearly erroneous. "An ailment . . . might usefully be called 'extraordinary' if it is substantially more dangerous for prisoners than for non-

prisoners." United States v. Johnson, 318 F.3d 821, 826 (8th Cir. 2003) (quotation omitted); see Rabins, 63 F.3d at 729. Though Robinson's physical condition creates special needs, he has not shown that the needs are extraordinary in the sense that the Bureau of Prisons will be unable to accommodate his condition and provide appropriate medical care. Thus, the district court correctly understood that it lacked authority to depart under § 5H1.4 of the mandatory Guidelines in effect when Robinson was sentenced because he did not prove that he suffers from an extraordinary physical impairment.

2. In Booker, to remedy Sixth Amendment violations inherent in the mandatory Guidelines, the Supreme Court severed the provision of the Sentencing Reform Act that made the Guidelines mandatory. The Court also severed 18 U.S.C. § 3742(e) and replaced that detailed appellate review provision with a more general reasonableness standard of review. Under Booker, the district court continues to determine the appropriate Guidelines sentence, and we continue to review that determination for errors of law, such as an erroneous conclusion that the court lacked authority to depart under the Guidelines. In addition, by decreeing the Guidelines to be advisory, Booker granted the district court some discretion to impose a sentence not previously authorized by the mandatory Guidelines regime, applying the sentencing objectives and factors contained in 18 U.S.C. § 3553(a). We review the final sentence for reasonableness. See United States v. Rogers, 400 F.3d 640 (8th Cir. 2005).

In this case, the district court correctly applied the Guidelines but (understandably) committed Booker error by sentencing Robinson under the assumption that the Guidelines were mandatory. Robinson's pre-Booker plea agreement expressly waived any challenge to the constitutionality of the Guidelines, so he is arguably precluded from arguing that Booker expanded our jurisdiction to review for reasonableness the discretionary denial of a downward departure. But in any event, the issue was not raised in the district court, and there was no plain error.

See <u>United States v. Pirani</u>, No. 03-2871, 2005 WL 1039976 (8th Cir. Apr. 29, 2005) (en banc).

The judgment of the district court is affirmed.

_____