UNITED STATES of America, Appellee,

v.

David MARSHALL, Appellant.

No. 90-2509.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 26, 1990.

Decided Dec. 31, 1990.

Glenn A. Shapiro, Omaha, Neb., for appellant.

Jan W. Sharp, Omaha, Neb., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

David Marshall appeals from his conviction of conspiracy to commit access device fraud and bank fraud in violation of 18 U.S.C. § 371. A jury found Marshall guilty of one count of conspiring with three others to use stolen credit cards to obtain cash advances and services. Marshall claims that the evidence presented against him at trial was insufficient as a matter of law to support the jury's verdict.

In reviewing a jury conviction, we consider the evidence in the light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). We must sustain the verdict if substantial evidence in the record supports it. *United States v. Snelling*, 862 F.2d 150, 153 (8th Cir.1988).

Marshall concedes that the government introduced sufficient evidence of the existence of the conspiracy. He contends that the evidence failed to link him with the conspiracy, however, because only one witness, co-conspirator Donna Wilhite, testified that he participated in the conspiracy. Marshall claims that Wilhite's credibility is inherently suspect because she testified against him pursuant to a plea bargain.

Witness credibility is a question of fact for the jury. *United States v. Big Crow*, 898 F.2d 1326, 1329 (8th Cir.1990). Moreover, circumstantial evidence corroborated Wilhite's testimony regarding Marshall's involvement in the conspiracy. Bank surveillance photographs of Wilhite using the stolen credit cards showed Marshall standing nearby. A Delta Airlines employee identified Marshall as having been present when one of the stolen credit cards was used to purchase four plane tickets to Salt Lake City. At the time of Marshall's arrest the next day in Salt Lake City, he was driving a car that had been rented with one of the stolen credit cards and was carrying $7,100 in cash. A search of Marshall's luggage revealed a Polaroid camera and other items used to make false identification cards.

We conclude that the evidence at trial adequately supported the jury's verdict.

Accordingly, we affirm Marshall's conviction.