UNITED STATES of America, Appellee,

v.

Winfred PAYNE, Appellant.

UNITED STATES of America, Appellee,

v.

Robert William McCORMICK, Appellant.

Nos. 90–5175MN, 90–5207MN.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1990.

Decided Jan. 14, 1991.

**596**

William Orth, Bloomington, Minn., for Payne and Andrea George, Minneapolis, Minn., for McCormick.

Andrew Dunne, Minneapolis, Minn., for U.S.

Before ARNOLD and MAGILL, Circuit Judges, and BATTEY,* District Judge.

ARNOLD, Circuit Judge.

In these consolidated appeals, Winfred Payne appeals his conviction for conspiracy to escape from federal custody in violation of 18 U.S.C. §§ 371, 752(a), and Robert William McCormick appeals his sentence based on his conviction for conspiracy to assist the escape of a federal prisoner in violation of 18 U.S.C. §§ 371, 752(a). We affirm.

The basic facts of this case are not in dispute. On October 17, 1989, an informant, Randal Wilson, contacted Special Agent Skroch of the Federal Bureau of Investigation. Wilson informed Agent Skroch that plans were being made to effect the escape of Winfred Payne from federal custody at the Stutsman County Jail in Jamestown, North Dakota. Later that day, Wilson met with Payne's wife and two others, Robert McCormick and Tycer Robinson, to plan the escape. At the meeting McCormick indicated that they would need financing, weapons, and a white per-

son to drive the escape car so that the escape party would remain low-profile in the small, virtually all-white, North Dakota town. (The three defendants are black. We do not know, but assume that Wilson and Payne's wife are also black.)

Wilson arranged a meeting between McCormick and Special Agent Hafner of the FBI on October 18, 1989. Agent Hafner recorded the conversation. He agreed to be the white driver of the getaway vehicle. McCormick stated he was planning to help Payne escape, and that Payne would be waiting on the roof of the facility between 9 p.m. and 11 p.m. the next day. Agent Hafner also recorded three other conversations between himself and McCormick.

On October 19, 1989, McCormick, Robinson, and Agent Hafner started driving toward Jamestown, North Dakota. En route they stopped in Rogers, Minnesota, to purchase weapons. Agent Skroch acted as the weapons dealer. Again, the agents taped the conversations. McCormick said he wanted to buy three weapons. When McCormick and Robinson went to Skroch's car to buy the weapons, agents arrested them. After the arrest, McCormick signed a form waiving his rights and confessed to the conspiracy. He also consented to the search of his automobile. In McCormick's automobile, agents found tools for the escape, the automobile's registered Nebraska license plates (the car had Minnesota plates on its exterior), a sketch of the Stutsman County Jail, and a list of countries not having extradition treaties with the United States.

Meanwhile, at the Stutsman County Jail in Jamestown, North Dakota, Payne asked to play basketball on the roof at 7:30 p.m., even though it was already dark and quite cold outside. Payne wore his dress shoes to play basketball and remained bundled up. He stayed on the roof playing basketball until approximately 10:30 p.m. Although only two others played with him, the guards noted that all three players

* The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

repeatedly yelled Payne's nickname, "Brownskins."

After a trial beginning on February 5, 1990, the jury acquitted Robinson, but convicted both Payne and McCormick of conspiracy. Pursuant to the Sentencing Guidelines, the District Court[1] sentenced Payne to fifty-one months' imprisonment, consecutive to the sentence he was already serving, and McCormick to thirty months' imprisonment.

Payne makes several claims of error on appeal. His first claim is composed of two arguments. First, he contends the District Court erred in denying his motion to sever his trial from that of his co-defendants. Second, he argues the District Court erred in allowing Agent Skroch to testify about the redacted confession of his co-defendant, McCormick, who did not testify at trial, in violation of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

■ We conclude that it was not error for the District Court to deny the motion for severance. A failure to grant severance will not be disturbed absent an abuse of discretion resulting in clear prejudice. See *United States v. Kaminski*, 692 F.2d 505, 515 (8th Cir.1982). Nothing in the record before us indicates that the defendants were prejudiced by not being tried separately. They did not have inconsistent defenses. Moreover, this circuit prefers conspiracy defendants to be tried together, particularly where the government's case is based on the same evidence. See, *e.g., United States v. White*, 890 F.2d 1012, 1016 (8th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 3254, 111 L.Ed.2d 763 (1990).

■ We agree with the appellant, however, that Agent Skroch's testimony concerning McCormick's redacted confession violated his Sixth Amendment right to confront the witnesses against him, as interpreted in *Bruton*. McCormick's redacted confession indicated that he was planning

to help "someone" escape from federal custody. As counsel for the government admitted at oral argument, everyone at the trial knew who the "someone" was. Since McCormick failed to testify at trial, Payne never had an opportunity to cross-examine him concerning this statement. This was a violation of the *Bruton* rule. *United States v. Long*, 900 F.2d 1270, 1280 (8th Cir.1990). We therefore disagree with the government that this case is controlled by *United States v. Garcia*, 836 F.2d 385 (8th Cir.1987). In *Garcia*, we stated that a redacted statement of a co-defendant was admissible because it "did not draw attention to the fact that the prosecution had the name available to it and purposely omitted it from the statement." *Id.* at 391. Both here and in *Long*, the jury was invited to speculate as to the identity of the "someone" in the redacted statement. See *Long*, 900 F.2d at 1280.

■ Our conclusion that introduction of the McCormick confession was error does not, however, end our analysis of this issue. Violations of *Bruton* are subject to the harmless-error rule. *Long*, 900 F.2d at 1280. If, without the McCormick confession, it is clear beyond a reasonable doubt that the jury would have convicted Payne anyway, then the error was harmless. We conclude that the *Bruton* error here was harmless.

Payne and Wilson had been in contact by telephone approximately twenty times immediately prior to October 19, 1989. That evening was the first time Payne asked to play basketball. He was on the roof beginning at 7:30 p.m., wearing inappropriate clothing for playing basketball. When his rescuers had not shown up by 9:45 p.m., Payne went to his cell, made a telephone call, and returned to the roof, where he remained until approximately 10:30 p.m. He made another telephone call at 10:30 p.m. Payne was also heard yelling his own nickname during a game in which only he and two others participated. It is clear that Payne conspired to plan his own es-

---

**1.** The Hon. Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

cape, and was waiting on the roof for that purpose.

■ Payne's second claim on appeal is that the District Court erred in denying his motion for dual representation: he wanted to represent himself and, at the same time, he wanted to be represented by counsel. It was within the District Court's discretion to deny the motion for dual representation under the Sixth Amendment. While a district court has discretion to allow dual representation, a defendant does not have a constitutional right to such representation. See *United States v. Williams*, 534 F.2d 119, 123 (8th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976). Thus, the denial of a request for dual representation does not violate the Sixth Amendment, at least in the absence of an abuse of discretion, which has not been shown here and could rarely be shown.

■ Payne's final claim on appeal is that insufficient evidence exists to support his conviction. Even without McCormick's confession, a reasonable jury could conclude that Payne was guilty beyond a reasonable doubt. We also reject Payne's claim that Wilson was not a credible witness, and that his testimony could not lend support to a conviction. As the appellant concedes, credibility of witnesses is a question for the jury. The jury knew the FBI paid Wilson $2,500 as a reward, and that Wilson was a convicted felon. The District Court cautioned the jury to examine the testimony of an informer with greater care than an ordinary witness. Even with this information, the jury was entitled to believe Wilson. Moreover, as our earlier discussion indicates, the record betrays appellant's claim that Wilson's testimony alone (absent the McCormick confession) was the entirety of the government's case.

■ McCormick claims the District Court erred in failing to award him a two-level reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. We will reverse a failure to award a two-level reduction for acceptance of responsibility only when a district court's decision is "without foundation." *United States v. Allen*, 886 F.2d 143, 146

(8th Cir.1989). We do not believe that is the case here.

We have examined the facts in the record, including the defendant's failure to provide information to the probation officer. These facts indicate that the District Court's decision is adequately supported. Consequently, we also reject the appellant's claim that the District Court failed to grant the reduction because he asserted his constitutional right to a trial.

Accordingly, the judgments of the District Court are affirmed.