**UNITED STATES of America, Appellee,**

v.

**Rushel Mack CARLISLE, Appellant.**

**No. 90–2465SI.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1991.

Decided April 10, 1991.

Rehearing Denied June 5, 1991.

Paul A. Zoss, Des Moines, Iowa, for appellant.

Gary Hayward, Des Moines, Iowa, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Rushel Mack Carlisle appeals his convictions for conspiracy to distribute crack cocaine, use of a person under 18 years of age in a drug conspiracy, use of a firearm in a drug trafficking crime, and possession of a firearm by a felon. Carlisle also contends the district court committed error in refusing to grant a downward departure from the sentencing guidelines. We affirm in part and reverse in part.

Carlisle argues the evidence was insufficient to support the jury verdicts. We must consider the evidence in the light most favorable to the government and affirm if substantial evidence in the record supports the verdicts. *See, e.g., United States v. Marshall*, 922 F.2d 479, 479 (8th Cir.1990). The record contains substantial evidence supporting the convictions for possession of a firearm by a felon, conspiracy to distribute crack cocaine, and use of a minor in a drug trafficking crime. Accordingly, we affirm those convictions.

Our review of the record, however, does not reveal substantial evidence that Carlisle used a firearm while trafficking in drugs during the time covered by the indictment. Des Moines police officers found Carlisle in possession of a gun during a confrontation at a tavern. This incident was unrelated to the drug conspiracy, however. We thus reverse the conviction on this charge.

Carlisle's remaining claims are without merit. First, conviction in both federal and state courts for crimes arising from the same conduct does not violate double jeopardy. *United States v. Dennis*, 926 F.2d 768, 769–70 (8th Cir.1991) (per curiam). Second, Carlisle was not prejudiced by reference to his state-court convic-

tion during the prosecutor's opening remarks. *See United States v. Dougherty*, 810 F.2d 763, 768 (8th Cir.1987) (to determine prejudicial effect of prosecutor's remarks court must consider cumulative effect, curative action taken, and strength of evidence against defendant). Evidence of Carlisle's state-court conviction was introduced by stipulation, and the court cautioned the jury that the prosecutor's remarks were not evidence.

 Finally, Carlisle argues the district court committed error by refusing to depart downward from the guidelines range. Carlisle contends he is entitled to a downward departure under U.S.S.G. § 4A1.3 because his criminal history category overstates the seriousness of his previous criminal activity. We review the district court's refusal to depart under U.S.S.G. § 4A1.3 only for abuse of discretion. *United States v. Justice*, 877 F.2d 664, 670 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989); *cf. United States v. Evidente*, 894 F.2d 1000, 1004 n. 5 (8th Cir.) (distinguishing *Justice* from situations in which failure to depart under 18 U.S.C. § 3553(b) is not reviewable), *cert. denied*, —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). Although Carlisle argues his eight convictions for theft netting only a few hundred dollars are trivial in nature, the district court took a different view of Carlisle's well-entrenched history of continuous criminal behavior. Our review of the record convinces us the district court did not abuse its discretion in denying Carlisle a downward departure under U.S.S.G. § 4A1.3.

Accordingly, we reverse Carlisle's conviction and sentence for using a firearm in a drug trafficking crime. We affirm Carlisle's convictions and sentences for conspiracy to distribute crack cocaine, using a minor in a drug conspiracy, and possession of a firearm by a felon.