989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Jerry L. BENNETT, Appellant.
 No. 92-3092.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 15, 1993.
Filed: March 22, 1993.
 
 Before BOWMAN, MORRIS SHEPPARD ARNOLD, Circuit Judges, and MAGNUSON,* District Judge.
 PER CURIAM.
 
 
 1
 Jerry L. Bennett appeals the seventy-month sentence imposed by the District Court[1] following his guilty pleas to two counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (1988). We affirm.
 
 
 2
 A grand jury indicted Bennett on charges of conspiring to distribute methamphetamine, and distributing it on two separate occasions. He was released on bond, on the condition that he submit to the supervision of the Pretrial Services Agency. On December 19, 1991, the government moved to revoke Bennett's release on the ground that he had tested positive for methamphetamine use in a random urinalysis test. The next day, Bennett agreed to plead guilty to the two distribution charges. He stipulated that, for sentencing purposes, he was responsible for more than 100 but less than 400 grams of methamphetamine, establishing a base offense level of 26. United States Sentencing Commission, Guidelines Manual, § 2D1.1(c)(9) (Nov. 1991). The parties also agreed that Bennett should receive a two-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1 (1991). The agreement noted, however, that the Court would not be bound by the statements concerning the applicability of the Guidelines.
 
 
 3
 The District Court accepted Bennett's guilty plea and ordered preparation of a presentence report (PSR). Concerning the government's motion to revoke his pretrial release, Bennett denied using methamphetamine. He stated that the pretrial services officer came to his home and asked him to provide a urine sample. Bennett stated that he scooped water out of the toilet, rather than fill the bottle with urine. The lab report indicated that there was urine in the bottle and that it tested positive for methamphetamine. The Court was persuaded to allow Bennett to remain free for the holidays.
 
 
 4
 The PSR recommended denying a reduction for acceptance of responsibility because of the incident with the urine sample and because Bennett had provided the probation officer with false information about his criminal record. The PSR calculated Bennett's criminal history category as II, assigning him one point for a 1982 D.W.I. conviction and one point for a 1987 nonsupport conviction. These calculations yielded a sentencing range of 70 to 87 months. Bennett objected to the recommended denial of the reduction and to the criminal history calculation, arguing that his criminal history score over-represented his criminal conduct and a downward departure was warranted under U.S.S.G. § 4A1.3.
 
 
 5
 The District Court denied the objections. The Court declined to grant the section 3E1.1 reduction because Bennett had not provided the probation office with accurate information about his arrest record, and he had scooped water out of the toilet for a urine sample. The Court also concluded that the PSR correctly calculated Bennett's criminal history score and that category II was appropriate.
 
 
 6
 On appeal, Bennett contends that the District Court erred by (1) denying his request for a reduction for acceptance of responsibility; and (2) refusing to find that his criminal history score over-represented the seriousness of his past criminal conduct and to depart downward under section 4A1.3.
 
 
 7
 "We will not disturb a district court's decision to deny or grant a credit for acceptance of responsibility unless that decision is clearly erroneous-as with other findings of fact, the district court is in a unique position to evaluate a defendant's acceptance of responsibility." United States v. Furlow, 980 F.2d 476, 476 (8th Cir. 1992) (en banc), petition for cert. filed, (Feb. 3, 1993) (No. 92-7503). We conclude that the District Court did not clearly err by finding that Bennett had failed to accept responsibility. Bennett's actions regarding the urine specimen and his failure to disclose his complete criminal record to the probation officer were inconsistent with acceptance of responsibility. See United States v. Lublin, 981 F.2d 367, 370 (8th Cir. 1992); United States v. Payne, 923 F.2d 595, 598 (8th Cir.), cert. denied, 111 S. Ct. 2830 (1991). We reject Bennett's contention that the incident involving the urine specimen was not relevant to this issue simply because it occurred before his guilty plea. Cf. United States v. Casal, 915 F.2d 1225, 1230 (8th Cir. 1990), cert. denied, 111 S. Ct. 1400 (1991).
 
 
 8
 We also hold that the District Court did not abuse its discretion by denying Bennett's request for a downward departure under section 4A1.3 on the ground that his criminal history category significantly over-represented the seriousness of his past criminal conduct. See United States v. Carlin, 983 F.2d 106, 107 (8th Cir. 1992) (per curiam) (standard of review). Here, although Bennett's 1982 D.W.I. conviction occurred almost ten years before this offense, there is evidence of criminal behavior in the intervening period-Bennett was convicted of nonsupport in 1984 and 1987. See Section 4A1.3.
 
 
 9
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 *
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri