991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Steven M. COOLEY, Appellant,
v.
Crispus NIX, Appellee.
 No. 92-3184.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 15, 1993.
Filed: April 22, 1993.
 
 Before McMILLIAN and BEAM, Circuit Judges, and SACHS,* Senior District Judge.
 PER CURIAM.
 
 
 1
 The district court[1] denied Steven M. Cooley's 28 U.S.C. § 2554 petition for a writ of habeas corpus. Cooley appeals and we affirm. Cooley raises two issues on appeal. He argues that the trial court infringed his Sixth Amendment right to represent himself by limiting standby counsel's participation at trial. He also argues that the district court erred in failing to hold an evidentiary hearing on his claim.
 
 
 2
 Cooley was charged with forgery and with being a habitual offender. He asserted his Sixth Amendment right to represent himself at trial even after the trial court warned him about the perils of his choice. At Cooley's request, the trial court appointed standby counsel to help him with research and to clarify points of law. The trial court and Cooley discussed standby counsel's limited function, as Cooley's research assistant and as his advisor on legal questions. During the proceedings, Cooley requested to confer with standby counsel and that standby counsel be permitted to argue a motion in limine. The trial court refused to permit standby counsel to argue the motion, and offered Cooley the opportunity to change his mind about representing himself. Cooley then abandoned his request to confer with standby counsel and proceeded with his argument.[2] The court later rejected standby counsel's unsolicited attempts to intervene during the prosecution's cross-examination of Cooley.[3] Cooley now attacks the trial court's refusal to permit his self-representation to evolve into hybrid representation as an infringement on his Sixth Amendment right to self-representation. See Faretta v. California, 422 U.S. 806, 835-36 (1975).
 
 
 3
 Cooley's Sixth Amendment right is, however, either to selfrepresentation or to representation by counsel, not to hybrid or dual representation. United States v. Lewis, 738 F.2d 916, 924 (8th Cir. 1984), cert. denied, 470 U.S. 1006 (1985). However Cooley phrases his argument, the actions of which he complains amount to a denial of hybrid representation. Therefore, although the trial court had the discretion to permit hybrid representation, its refusal to do so or to allow choreographed appearances by standby counsel does not implicate Cooley's right to represent himself. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir. 1989), cert. denied, 494 U.S. 1005 (1990). Further, absent some indication of abuse of discretion, a trial court's limitations on the in-court conduct of standby counsel are not error. See, e.g., United States v. Weisman, 858 F.2d 389, 391 (8th Cir. 1988), cert. denied, 489 U.S. 1071 (1989); United States v. Payne, 923 F.2d 595, 598 (8th Cir. 1991), cert. denied, 111 S. Ct. 2830 (1991); Nivica, 887 F.2d at 1121.
 
 
 4
 Having broad discretion to deny hybrid representation and to circumscribe counsel's role if hybrid representation is granted, a trial court necessarily has the discretion to place restrictions on standby counsel's in-court role in cases of pure self-representation. The trial court, although not required to, appointed standby counsel, arranged for Cooley to have access to standby counsel, did not refuse any request by Cooley to confer with standby counsel, and permitted standby counsel to perform direct examination of Cooley using questions Cooley had drafted to accommodate the otherwise awkward situation of Cooley questioning himself. In sum, the trial court did more to accommodate Cooley, who avidly insisted on performing all trial functions, than his situation deserved and we find no abuse of discretion. See Payne, 923 F.2d at 598.
 
 
 5
 Further, as the magistrate[4] aptly noted, the Faretta right to self-representation does not transport the trial court to Wonderland, where unsolicited interjections by standby counsel which it allows and unsolicited interjections by standby counsel which it disallows both may violate the right. See Faretta, 422 U.S. at 833-36); McKaskle, 465 U.S. at 178-79. Cooley does not dispute that he knowingly and intelligently relinquished his right to representation by counsel, and insisted on representing himself and performing all trial functions. A knowing and intelligent waiver means that he knew he was relinquishing, "as a ... factual matter, many of the traditional benefits associated with the right to counsel." Faretta, 422 U.S. at 835. The trial court gave him ample opportunity to reassert his right to representation by counsel, which he declined. Cooley's arguments that the trial court should have permitted standby counsel's unsolicited interjections and argument amount to a complaint that he could not have his cake (self-representation) and eat it too (representation by counsel). We refuse to require trial courts to venture into a land where they are required to grant mutually exclusive rights.
 
 
 6
 Cooley also faults the district court for denying his request for an evidentiary hearing to examine Cooley's understanding of standby counsel's role. This contention is meritless for a number of reasons. First, Cooley admits his claim is procedurally barred but makes several allegations of cause. The grounds Cooley asserts as cause for his failure to raise his alleged misunderstanding of standby counsel's role in state court or for his failure to create an adequate state record are without merit. He essentially asserts his own inexperience and ineffectiveness as cause for not recognizing the issue or developing it before the state courts. This ground is foreclosed to him. See Ellis v. Lockhart, 875 F.2d 200 (8th Cir. 1989); Weisman, 858 F.2d at 391. Likewise, his claim of novelty as cause is devoid of merit. A defendant who knowingly and intelligently waives his right to representation by counsel and insists on asserting his right to self-representation, may not then assert his own ineffectiveness as an impairment of that right. This is not a novel claim, but one which is foreclosed by Faretta itself. Artful pleading will not change that fact. We reject Cooley's further claim that an evidentiary hearing is required by Keeney v. Tamayo-Reyes, 112 S. Ct. 1715, 1721 (1992) to avoid a fundamental miscarriage of justice.
 
 
 7
 Even if the issue were not procedurally barred, the district court need not hold a hearing where a dispute can be resolved on the basis of the record. Edgemon v. Lockhart, 768 F.2d 252, 255 (8th Cir. 1985), cert. denied, 475 U.S. 1085 (1986). Here, Cooley's assertion that the trial court record does not support the state court's finding that standby counsel's role was adequately explained to him is without merit. The record reveals that Cooley affirmed his understanding of standby counsel's limited role to the trial court.
 
 
 8
 Further, dismissal of a petition without an evidentiary hearing is proper where the allegations fail to state a cognizable habeas claim. Id. Cooley's allegation of confusion as to standby counsel's role states no constitutional claim. His assertion of subjective confusion as to standby counsel's role amounts to a complaint that he did not understand legal procedure. This is a risk Cooley knowingly assumed, and as previously stated, his own ineffectiveness is no grounds for attacking his conviction. He had the right to insist on representing himself, not the right to a law school education.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable HOWARD F. SACHS, Senior United States District Judge for the Western District of Missouri
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa
 
 
 [2]
 Cooley argues that the trial court's refusal to permit standby counsel to argue the motion amounted to a refusal to permit Cooley's simultaneous request to confer with counsel. Cooley cannot abandon a request and then argue it was denied. In effect, Cooley is complaining of his own ineffectiveness. However, one who makes an informed decision to represent himself may not later raise his own ineffectiveness as grounds for reversal. United States v. Weisman, 858 F.2d 389, 391 (8th Cir. 1988), cert. denied, 489 U.S. 1071 (1989)
 
 
 [3]
 We note that standby counsel's failed attempt to object to the prosecution's question about Cooley's prior burglary convictions alerted Cooley to the possibility of an objection. Cooley did not then object, which was his decision. Likewise, standby counsel's subsequent unsolicited attempt to confer with Cooley about the same testimony alerted Cooley to standby counsel's wish to advise him. Cooley did not then request to consult with standby counsel for her advice and cannot now complain. Finally, the prosecution's questions about Cooley's prior burglary convictions which triggered the unsolicited actions by standby counsel were not objectionable. See Iowa R. Evid. 609(a) & (b)
 
 
 [4]
 The Honorable Mark W. Bennett, United States Magistrate Judge for the Southern District of Iowa, Central Division