5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of AMERICA, Appellee,
v.
Roger James HOLMES, Appellant.
 No. 92-3937.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 8, 1993.
Filed: September 15, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After seven days of trial, Roger James Holmes pleaded guilty to conspiring to distribute and to possess with the intent to distribute cocaine and marijuana, in violation of 18 U.S.C. Sec. 846, and to being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g) and 924(a)(2). Based on the trial and sentencing testimony of prosecution witnesses, the district court[1] made a drug quantity finding of 601.6 grams of cocaine and sentenced Holmes to a total of sixty-eight months imprisonment and five years supervised release. Holmes appeals. We affirm.
 
 
 2
 Holmes argues that the district court improperly calculated drug quantity for sentencing purposes based upon the testimony of prosecution witness Diane Mai because "bad blood" existed between them and her testimony was inconsistent and tainted. A district court's finding as to witness credibility is virtually unreviewable on appeal. United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993). Holmes has failed to show that the court improperly credited Mai's trial testimony, and the court committed no error in sentencing him based on that testimony.
 
 
 3
 Holmes further argues that sentencing him for the same conduct for which he had already been convicted in state court-possession of seven pounds of marijuana-violated his double jeopardy rights. Because Holmes did not raise a double jeopardy objection to the district court's consideration of the seven pounds in determining his base offense level, this claim is not properly before us. See United States v. Garrett, 961 F.2d 743, 748 (8th Cir. 1992). In any event, Holmes's federal prosecution and sentence do not violate the Double Jeopardy Clause. See United States v. Carlisle, 929 F.2d 1324, 1325 (8th Cir. 1991).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE DONALD E. O'BRIEN, United States District Judge for the Northern District of Iowa