**UNITED STATES of America, Appellee,**

v.

**Rickie Lee HALL, Appellant.**

No. 93–2012.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1993.

Decided Nov. 2, 1993.

Carter C. Law, Asst. Public Defender, St. Louis, MO, argued, for appellant.

Larry H. Ferrell, Asst. U.S. Atty., Cape Girardeau, MO, argued, for appellee.

Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.

MAGILL, Circuit Judge.

Rickie Lee Hall (Hall) appeals the 174–month sentence the district court imposed after Hall pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and using a firearm during the robbery, 18 U.S.C. § 924(c)(1). Hall argues that the district court erred in refusing to depart downward under U.S.S.G. § 4A1.3 and based on the similarity between his sentence and the sentence of a dissimilarly situated defendant in another case. We dismiss part of his appeal for want of jurisdiction and affirm as to the part which we may review.

## I. BACKGROUND

On December 19, 1991, Hall robbed the Mercantile Bank in Essex, Missouri, using a short-barrelled shotgun. Following Hall's guilty plea, the presentence report (PSR) calculated a total offense level of 22 for the robbery charge and noted the mandatory 120–month consecutive sentence for the firearm charge. The PSR recommended that the court assign Hall a criminal history category of III, based on four criminal history points. It assigned Hall three criminal history points for his 1980 convictions for burglary and stealing. In 1980, when he was seventeen years old, Hall and a friend broke into a house carrying guns Hall had stolen from his employer. Hall left when the occupants of the house arrived home, but his friend threatened them and held them at gunpoint. A Missouri state court sentenced Hall to two consecutive two-year sentences for this incident. The PSR also assigned Hall one criminal history point for a 1984 conviction for driving with a blood alcohol content of .10%. Hall was not represented by counsel and pleaded guilty to this charge.

Hall submitted written objections to the PSR, claiming that category III over-represented his criminal history and that the court should depart downward under § 4A1.3. He reiterated this argument at the sentencing hearing, asserting that the 1984 conviction was uncounseled and that the 1980 convictions were stale. The district court declined to depart, but stated that it would consider Hall's arguments in determining where in the guideline range to sentence him.

The court calculated an offense level of 22 and a criminal history category of III, yielding a sentencing range of 51 to 63 months for the armed robbery offense. The court then sentenced Hall to 54 months for this charge and 120 months for the firearm offense. Hall filed this timely appeal.

## II. DISCUSSION

 Under U.S.S.G. § 4A1.3, the district court may depart downward from the guidelines where "a defendant's criminal history category significantly over-represents the seriousness of [his] criminal history." Hall argues that the district court erred by failing to depart downward pursuant to § 4A1.3 and assign him a criminal history category of II. The first issue we must decide is whether a district court's refusal to depart under § 4A1.3 is reviewable on appeal. We have found in several cases that this court does not have jurisdiction to review refusals to depart under § 4A1.3 when the sentencing court is aware of its authority to depart. *See, e.g., United States v. Haren,* 952 F.2d 190, 199 (8th Cir.1991); *United States v. Brown,* 903 F.2d 540, 545 (8th Cir.1990). In other cases, however, we have reviewed a district court's refusal to depart under § 4A1.3 for an abuse of discretion. *See, e.g., United States v. Carlin,* 983 F.2d 106, 107 (8th Cir.1992) (per curiam); *United States v. Justice,* 877 F.2d 664, 670 (8th Cir.), *cert. denied,* 493 U.S. 958, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989).

We follow *Haren* and *Brown* because we find that *United States v. Evidente,* 894 F.2d 1000 (8th Cir.), *cert. denied,* 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990), on which both cases rely, is controlling here. *Evidente* involved a district court's refusal to depart downward under U.S.S.G. § 5K2.0. After analyzing 18 U.S.C. § 3742, the statute delimiting appellate review of federal sentences, the court held that it was not "empowered . . . to review a sentencing court's exercise of its discretion to refrain from departing either upward or downward from the range established by the applicable guideline." *Id.* at 1004; *see also United States v. Franz,* 886 F.2d 973, 976–81 (7th Cir.1989) (concluding after extensive discussion of § 3742, legislative history, and case law that the court did not have jurisdiction to review a refusal to depart). The *Evidente* court distinguished *Justice* on the ground that *Justice* did not discuss "in any manner" the jurisdictional issue and thus did not decide it. 894 F.2d at 1004 n. 5.

Indeed, *Justice* simply announced that it reviewed the district court's refusal to depart under § 4A1.3 for an abuse of discretion without any citation to authority or analysis of § 3742. *See* 877 F.2d at 670. Nor did the other cases that reviewed refusals to depart under the abuse of discretion standard analyze the jurisdictional issue; they merely relied on *Justice* or cases that followed *Justice. See Carlin,* 983 F.2d at 107; *United States v. Carlisle,* 929 F.2d 1324, 1326 (8th Cir.1991) (citing *Justice* and *Evidente* and concluding that *Evidente*'s holding does not apply to refusals to depart under § 4A1.3). Thus, *Evidente* carefully considered whether Congress granted this court power to review refusals to depart, whereas the *Justice* line of cases merely assumed that jurisdiction was proper. Because we discern no distinction as far as § 3742 is concerned between refusals to depart under § 5K2.0 and those under § 4A1.3, we are persuaded that *Evidente* controls here and conclude that we do not have jurisdiction to review a sentencing court's failure to depart under § 4A1.3 where that court is aware of its authority to do so. *Accord Haren,* 952 F.2d at 199; *Brown,* 903 F.2d at 545.

 Thus, Hall's only remaining argument on his § 4A1.3 claim is that the district court was not aware of its authority to depart. We find, however, that the record shows that the court recognized it had the power to reduce Hall's criminal history category and depart downward. *See* Sent. Tr. at 2–8. We hold that Hall's claim that the court erred by failing to depart downward under § 4A1.3 is nonreviewable.

 Hall's final argument is that the district court erred in imposing on him a sentence similar to the sentence it imposed on a dissimilarly situated defendant (Wesley) in another case. Wesley pleaded guilty to five bank robberies and had a higher criminal history category than Hall, but the prosecution did not charge him under § 924(c)(1) with using a firearm during his robberies. To the extent Hall argues that the district court erred because it refused to depart in

light of Wesley's 188–month sentence,[1] *Evidente* makes clear that such a claim is not reviewable.

We do review, however, claims that a district court imposed a sentence "in violation of law." 18 U.S.C. § 3742(a)(1), (e)(1). To the extent Hall argues that the court imposed his sentence in violation of law, we reject this claim because the fact that his sentence was similar to Wesley's does not violate the Constitution or any law. Thus, we hold that the district court did not err in sentencing Hall to 174 months.

### III. CONCLUSION

Because we do not have jurisdiction over Hall's claims that the district court erred by refusing to depart downward, we dismiss his appeal on that ground for want of jurisdiction. To the extent his appeal is reviewable, we affirm the sentence the district court imposed.

1. We intimate no opinion as to whether the similarity of one defendant's sentence to the sentence of a dissimilarly situated defendant is a valid basis for a downward departure.