57 F.3d 1074
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Darryl M. SMITH, Appellant.
UNITED STATES of America, Appellee,
v.
Antwane L. PRINCE, Appellant.
 Nos. 94-3020NE, 94-3021NE.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1995.
Filed: June 13, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Darryl M. Smith and Antwane L. Prince appeal the guidelines sentences the district court imposed after they pleaded guilty to conspiring to distribute and possess with intent to distribute crack cocaine.
 
 
 2
 Smith argues the district court improperly failed to consider Smith's request for a downward departure based on U.S.S.G. Sec. 4A1.3. Section 4A1.3 allows the district court to depart downward from an otherwise applicable sentencing range when reliable information shows the defendant's criminal history category significantly overrepresents the seriousness of the defendant's past criminal conduct. United States v. Gayles, 1 F.3d 735, 739 (8th Cir. 1993). When a district court is aware of its authority to depart downward under Sec. 4A1.3, the district court's decision not to do so is not reviewable. United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993). Because the record before us does not suggest the district court was unaware of its authority to depart, we reject Smith's argument.
 
 
 3
 Prince argues that the 100-to-1 ratio between crack cocaine and powder cocaine penalties violates his equal protection rights. Prince's argument is foreclosed by this court's contrary holdings. We have repeatedly addressed and rejected contentions that the 100- to-1 ratio between crack cocaine and powder cocaine penalties violates equal protection or is otherwise unconstitutional. United States v. Clary, 34 F.3d 709, 712-14 (8th Cir. 1994), cert. denied, 115 S. Ct. 1172 (1995); United States v. Maxwell, 25 F.3d 1389, 1396-97 (8th Cir.), cert denied, 115 S. Ct. 610 (1994).
 
 
 4
 Prince also challenges a two-level enhancement he received under U.S.S.G. Sec. 2D1.1(b)(1) for possessing a firearm during the course of the conspiracy. Prince's challenge is defeated by his stipulation to the two-level enhancement in his plea agreement, his admission that he entered the conspiracy about the same time he acquired the firearm, and the government's undisputed representation that Prince sold the weapon during the period of the conspiracy.
 
 
 5
 We thus affirm Smith's and Prince's sentences.