United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2736

_____

United States of America,       \*
      \*

     Appellee,       \*

      \*   Appeal from the United States

v.       \*   District Court for the

      \*   Western District of Missouri.

Johnny W. Bryant,       \*

      \*      [UNPUBLISHED]

     Appellant.       \*

_____

Submitted: December 26, 1997
Filed: January 6, 1998

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Johnny W. Bryant pleaded guilty to one count of conspiring to distribute methamphetamine and to possess it with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846 (1994). The District Court[1] sentenced him to 100 months of imprisonment and five years of supervised release. In doing so, the Court determined that an August 15, 1996 drug transaction involving sixteen ounces of methamphetamine was reasonably foreseeable to Bryant, and that he was not entitled

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

to a downward departure pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1995) (district court may depart where criminal history does not adequately reflect seriousness of defendant's past conduct or likelihood defendant will commit other crimes). On appeal, Bryant challenges both of these determinations. We affirm.

In calculating the sentence for a defendant convicted of a drug conspiracy, the District Court may impute to the defendant the drugs attributable to his co-conspirators, if the co-conspirators' activities were in furtherance of the conspiracy and were either known to the defendant or reasonably foreseeable to him. See U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) & § 1B1.3, comment. (n.2) (1995); United States v. Weekly, 118 F.3d 576, 578 (8th Cir.) (relevant to reasonable-foreseeability determination is whether defendant demonstrated substantial level of commitment to conspiracy), dissent modified, 128 F.3d 1198 (8th Cir.), cert. denied, No. 97-6575, 1997 WL 696889 (U.S. Dec. 8, 1997).

The evidence at sentencing revealed the following facts. When an undercover detective advised Bryant on August 12, 1996, that he wanted to discuss purchasing sixteen ounces of methamphetamine, Bryant indicated that sixteen ounces would not be a problem and that he would discuss the purchase price with Ralph Robbins, his co-conspirator. During a drug transaction later that day, Bryant and Robbins again told the detective that they could provide him with the sixteen ounces. In attempting to arrange the sixteen-ounce purchase, the detective spoke on the phone on August 13 with Bryant, who indicated he wanted to complete the deal at his place of business, and he and Robbins had the sixteen ounces. When the detective declined to make the purchase at the business, Bryant offered to meet the detective at his motel room to complete the deal. While Bryant did not physically participate in the August 15 sale, Robbins yelled for Bryant when the detective entered the business, the deal occurred in Bryant's bedroom (located within the business premises), and Bryant was present on the premises. Based on these facts, we cannot say the District Court clearly erred in attributing to Bryant the sixteen ounces of methamphetamine, as the August 15

transaction was reasonably foreseeable to him and was within the scope of the conspiracy.  See United States v. Maxwell, 25 F.3d 1389, 1397 (8th Cir.) (standard of review), cert. denied, 513 U.S. 1031 (1994).

We also conclude that the District Court's decision not to depart downward under section 4A1.3 is unreviewable, as the Court was aware of its authority to do so. See United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993).

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.