**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gene MORAN, Defendant—Appellant.**

No. 02–10372.

D.C. No. CR–99–00365–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2003.

Decided July 10, 2003.

Before SCHROEDER, Chief Judge, D.W. NELSON, and W. FLETCHER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

MEMORANDUM *

Gene Moran challenges his conviction and sentence for negligent discharge of a pollutant into a publicly owned water treatment works in violation of the Clean Water Act, 33 U.S.C. §§ 1251–1387. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The district court did not abuse its discretion in admitting the testimony of Jeffrey Yoshimoto, *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir.2000), nor was this ruling "manifestly erroneous," *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir.2000). The district court properly determined that Yoshimoto's testimony was both relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Edward Helal's deviation from his sampling plan speaks to the weight the jury should have given Yoshimoto's testimony, not its admissibility. *See United States v. Chischilly*, 30 F.3d 1144, 1154 (9th Cir.1994).

Likewise, the district court did not abuse its discretion in admitting John Gold's testimony. While the infirmities and inconsistencies in Gold's testimony raised questions about his believability, assigning the appropriate weight and credibility to otherwise admissible witness testimony is exclusively a task for the jury. *United States v. Scheffer*, 523 U.S. 303, 313, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998).

The district court also did not err in sentencing Moran. First, the relevant Guideline lists negligent mens rea as a relevant and appropriate consideration in sentencing. U.S.S.G. § 2Q1.2, Application

of this circuit except as provided by Ninth Circuit Rule 36–3.

Note 4 ("[T]his section assumes knowing conduct. In cases involving negligent conduct, a downward departure may be warranted."). Second, nothing supports Moran's contention that similar lawful sentences imposed on defendants found to have different mens rea, but to have committed the same conduct is erroneous. *See United States v. Hall,* 7 F.3d 1394, 1396–97 (8th Cir.1993). Third, we do not have jurisdiction to review the district court's discretionary refusal to depart from the Guidelines. *United States v. Romero,* 293 F.3d 1120, 1126 (9th Cir. 2002). Fourth, the district court did not err in relying on acquitted conduct that was proved by a preponderance of the evidence in sentencing Moran. *United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997).

Finally, we cannot "revisit" *United States v. Hanousek,* 176 F.3d 1116 (9th Cir.1999), as Moran urges us to do. " '[O]ne three-judge panel of this court cannot reconsider or overrule the decision of a prior panel.' " *United States v. Johnson,* 297 F.3d 845, 865 (9th Cir.2002) (quoting *United States v. Gay,* 967 F.2d 322, 327 (9th Cir.), *cert. denied,* 506 U.S. 929, 113 S.Ct. 359, 121 L.Ed.2d 272 (1992)).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.